UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INTERNATIONAL SOURCING &
MARKETING, LTD.,
Plaintiff

v. C.A. No. 04-511ML

MARK PETERSON,
Defendant

## PLAINTIFF'S EMERGENCY MOTION TO COMPEL

Now comes the Plaintiff, International Sourcing & Marketing ("ISM") and hereby respectfully requests that this Honorable Court order the Defendant, Mark Peterson, to immediately provide responses to ISM's request for the production of documents, as contained in ISM's Fourth Amended Notice Of The Deposition of Mark Peterson ("Deposition Notice"), *Schedule 1*, request nos. 1, 3, 4, 6, 7, 8, 9, and 10 (attached as Exhibit 1). The grounds for this Motion are set forth below.

### Background

The instant complaint alleges that Peterson violated the provisions of a Non-Competition and Confidentiality Agreement by either working for, or representing one or more competitors of ISM, in contravention of the Agreement's terms.[1] A copy of the Confidentiality and Non-Competition Agreement is attached as Exhibit 2.

[1] This matter was initiated before Judge Silverstein in the Providence County Superior Court. On Thursday, December 2, 2004, after proceedings that involved the testimony of two witnesses, the Affidavit of Mark Peterson, and the consideration of multiple exhibits, Judge Silverstein determined that Peterson had acted in violation of the Confidentiality and Non-Competition Agreement and issued a temporary restraining order. However, prior to a December 6, 2004, conference scheduled by Judge Silverstein to review the proposed terms of the written order, Peterson removed the case to the this court. Upon her review of the transcript of the proceedings before and decision of Judge Silverstein, Judge Lisi issued a temporary restraining order without need for further proceedings.

On April 6, 2005, a pretrial conference was held in Judge Lisi's chambers. At the conference, Judge Lisi ordered that the case be referred for an expedited settlement conference before a Magistrate Judge. In response ISM's counsel expressed concern that in order to engage in meaningful settlement discussions, it was necessary to depose Peterson in order that ISM could obtain information to determine what damages have resulted from Peterson's breach of the non-compete agreement. Therefore, Judge Lisi ordered that Peterson's deposition could be taken the day *before* the mediation.[2]

To this end, on June 3, 2005, following receipt of a May 16, 2005, amended rescheduled notice of mandatory scheduling conference, ISM issued its Fourth Amended Deposition Notice to Peterson, with an attached list of documents for Peterson to bring to the deposition. *See* Exhibit 1. The requested documents comprise selected documents from/an abbreviated version of ISM's First Request For the Production of Documents, served on Peterson's attorneys on December 14, 2005.[3]

On the afternoon of Wednesday, June 8, 2005, ISM received Peterson's Objection To Request For Production Of Documents, dated June 7, 2005. A copy of the Objection is attached as Exhibit 3. In his Objection, Peterson contests the majority of the requests, using the boilerplate explanation, "Said request is overbroad, unduly burdensome and not

---

[2] Judge Lisi's rationale for ordering the deposition the day before the mediation was to save Peterson, an Alabama resident, the expense of traveling to Rhode Island twice.

[3] This discovery was ordered by Judge Lisi on an expedited basis in anticipation of injunctive relief proceedings in late 2004/early 2005. These proceedings became moot when Peterson stipulated to an injunction for the period prescribed in the Confidentiality and Non-Competition Agreement. Defendant Peterson has not yet responded to said discovery, the duty to respond to which was "reactivated" as of April 6, 2005, the date of the Pretrial Conference, thus triggering ISM's issuance of a Rule 30(b)(5) Deposition Notice (requesting that certain of the documents previously sought via Rule 34 be produced at the Peterson deposition).

reasonably calculated to lead to the discovery of admissible evidence." *See* Objection To Request For Production Of Documents, Requests Nos. 1, 3, 4, 6, 7, 9, and 10.[4]

For the reasons set forth below, the documents sought are not only vitally relevant, but also necessary to facilitate meaningful settlement initiatives at the Mandatory Settlement Conference.

## Argument

### A. The Information Requested By ISM Is Highly Relevant To The Claims At Issue, And Narrowly Tailored.

Generally, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party[.]" Rules of Civil P. 26(b)(1). A review of the objected to document requests indicates that ISM has tailored each item to cover a narrow and relevant time frame, and has focused on highly material classes of documents. Therefore, Peterson's objections are without real basis.

**Request No. 1.** Request No. 1 seeks Peterson's "appointment calendar(s), electronic or on paper, for the period April 2004 to August 2004." This information is significant because this represents the period shortly before Peterson's July 20, 2004 announcement of his resignation from ISM, effective July 30, 2004, and one month thereafter. It is relevant to ISM's pending claims, and possible future claims, to investigate whether Peterson had contacts or meetings with ISM's clients or competitors within that time frame. This request is narrow, both in the nature of documents requested, and the time period. Therefore, Peterson's objection to this request is meritless.

---

[4] No objections were made as to Requests Nos. 2 and 5, which seek information relevant to Peterson's counterclaim against ISM.

**Request No. 3.** Request No. 3 seeks, "All quotes, proposals, or bids prepared by you, or with your assistance, directly or indirectly, or at your behest, for any of the entities identified in *Schedule A.*" Schedule A is a list of ISM's customers at the time of Peterson's resignation. In light of the allegations that Peterson breached the non-compete agreement by contacting ISM customers in an effort to solicit business away from ISM and for the benefit of a competitor, this request is for highly relevant information that ISM is entitled to for discovery purposes.[5]

**Request No. 4.** Request No. 4 reads, "From August 2004 to the present, all documents and communications (other than those with your attorneys) between you and any other person that contain references to ISM." It is reasonable to believe that any communications Peterson had from the time he left ISM to the present, which reference ISM, would be in the context of events in breach of the Confidentiality and Non-Competition Agreement. These might include the formulation of bids in competition with ISM, contact with former ISM customers and clients, job interviews with ISM competitors, and the formation of a business entity(ies) to compete against ISM. Although the request seeks a broad class of documents, the narrow time frame of ten months alleviates any related concerns. Therefore, Peterson's objection should be overruled.

**Request No. 6.** Request No. 6 seeks, "From June 2004 to the present, any and all documents and communications between you, or a person acting on your behalf/at your behest, and any third party for the purpose of creating, developing and/or testing any

[5] ISM mistakenly omitted a time frame for this request, but intended to request the range set forth in its December 14, 2004, First Request for Production of Documents: from August 1, 2004, the day after Peterson left ISM, to the present time.

product prototype(s) for ultimate presentation to any of the ISM customers identified in *Schedule A*." The purpose of this request, once again, is to seek information regarding whether Peterson engaged in activities in violation of his obligations contained in the Confidentiality and Non-Competition Agreement and trade secret laws from the period of his announced "retirement" to the present. In ISM's industry, the production, design and testing of product samples or prototypes comprises the precursor to making a bid on a contract. If Peterson were engaged in communications with engineers and/or others involved with the development of product prototypes for presentation to ISM customers, this information represents admissible evidence or could lead to the same.

**Requests Nos. 7 and 8.** Requests 7 and 8 respectively request, "Telephone records for your residential telephone service for the period May 2004 through July 2004;" and "Telephone records for any cellular telephone(s) owned by you or in your possession, other than the one provided by ISM, for the period May 2004 through July 2004." This period of time (three months) comprises the period preceding Peteron's resignation announcement (July 20, 2004) and up to Peterson's departure date (July 30) from ISM. These phone records are important to investigate whether Peterson was in communication with ISM's competitors before leaving the company; e.g., planning while employed at ISM to compete against it, in contravention of his duty of good faith to his employer and his obligations contained in the Confidentiality and Non-Competition Agreement. Again, this information is highly relevant, and for a distinct and narrow time frame. Therefore, Peterson's objection is meritless.

**Request No. 9.** Request No. 9 asks for, "Any employment agreement, offer of employment, or other document or Communication, including addenda and exhibits,

between you and Pal Pilot setting forth the terms of your work relationship with and compensation from Pal Pilot." It has already been ascertained that after leaving ISM, Peterson has served in a representative capacity for a company called Pal Pilot, an ISM competitor. Peterson's stunning claim that ISM's request for such obviously relevant material is "overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence" is reflective of the overriding lack of any basis for the numerous boilerplate objections to the documents requests.

**Request No. 10.** Finally, Request No. 10 seeks, "Any documents or communications between you and any employee or agent of Rep One during the period August 2004 through April 2005." ISM is entitled to understand the nature of Peterson's relationship with Rep One, an entity that has served as an "intermediary" on behalf of both Peterson and Pal Pilot, the ISM competitor Peterson assisted in violation of the Confidentiality and Non-Competition Agreement, in an apparent attempt to circumvent the obligations contained therein. For example, Michael Sketers, an employee of ISM customer Trans Tron Ltd, testified at his December 28, 2004, deposition that he was contacted by a Rep One representative, Mike Smith, who wished to get an opportunity to quote on printed circuit boards that ISM and its manufacturer, Red Board, provided to Trans Tron Ltd., on a project known as "Neptune." Mr. Sketers went on to assert that Mr. Smith indicated that Mr. Peterson was familiar with the Neptune Project, and there were several communications "once I allowed Mark [Peterson] and Pal Pilot to quote on the [ISM/Neptune] business." Sketers Depo. at 18-19.

**B. <u>This Motion Requires Consideration On An Emergency Basis</u>.**

By Order of Judge Lisi, a mandatory settlement conference is scheduled for Tuesday, June 13, 2005. Also, in light of ISM's concern that it needs to depose Peterson prior to the settlement conference to ascertain its damages, it was ordered that Peterson's deposition occur the day before the conference: Monday, June 12.

The objections at issue here are preventing ISM from gaining the information it needs to conduct a meaningful assessment of its monetary losses resulting from Peterson's breach of the non-compete agreement, and possible violation of state and federal trade secret laws. Although Peterson's deposition could go forward without the requested documents, ISM requires an independent basis to investigate or confirm its losses. This is particularly true in light of the fact that Peterson's sworn testimony is not reliable, having previously misstated, in an affidavit filed in Providence Superior Court, that he had not had any contact with customers or clients of ISM.

Therefore, it is necessary that this Motion be heard immediately in order for ISM to get the requested documents before the deposition and settlement conference, which will occur on Monday and Tuesday of next week.

Moreover, absent said discovery, ISM will be required to suspend and reconvene the Peterson deposition, an added expense and inconvenience to all parties that ought to be avoided.

**In lieu of consideration of this matter on an emergency basis, ISM requests that the deposition and settlement conference be postponed until the issues contained herein can be resolved.**

## Conclusion

For the foregoing reasons, ISM respectfully requests that this Honorable Court order Peterson to immediately produce the documents requested in his Notice of Deposition. Also, in light of the meritless nature of Peterson's objections, ISM requests this Court order Peterson to pay ISM the costs and attorney fees associated with the prosecution of this Motion.

Respectfully submitted,

INTERNATIONAL SOURCING &
MARKETING, LTD.,
By its Attorneys,

ANDREW BERG
Bar No. 4754
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

CATHERINE A. SAMMARTINO
Bar No. 4762
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

**CERTIFICATION OF GOOD FAITH EFFORTS TO RESOLVE THE ISSUES CONTAINED HEREIN**

I hereby certify that good faith efforts were made to contact counsel for the Defendant, Mark Peterson, in order to resolve the issues contained herein, without Court action.

**CERTIFICATION OF SERVICE**

I hereby certify that on this 9th day of June, 2005, I caused to be submitted via facsimile and regular mail, postage prepaid, a copy of the within Motion to the following counsel of record:

Armando E. Batastini, Esquire
Stephen J. MacGillivray, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

Allen J. Anderson, Esquire
Fees & Burgess, P.C.
213 Green Street
Huntsville, AL 35801