SCANNED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, | : | |
| Defendant. | : | |

**MOTION TO COMPEL FURTHER ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Mark Peterson ("Defendant") hereby moves this Court for an order compelling Plaintiff International Sourcing and Marketing, Inc. ("Plaintiff" or "ISM") to provide more responsive answers to the following interrogatories. Defendant requests compliance with this order within thirty (30) days of the granting of this motion.

5. Describe all communications and list all documents evidencing communications known by you regarding Defendant's alleged breach of the non-compete agreement, alleged competition with ISM, contact with customers and/or suppliers of ISM since the end of his employment by ISM, and/or alleged use of ISM's proprietary and/or confidential information since the end of his employment by ISM.

**ANSWER**: Please refer to the documents produced in response to Defendant's First Request for Production of Documents.

**ARGUMENT**: To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity.

6. Describe all facts and list all documents evidencing Defendant's alleged breach of the non-compete agreement.

**ANSWER:** Please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, Mr. Peterson falsely represented to ISM that he was leaving his ISM employment because he needed a change from the electronics industry (e.g., he was "burnt out"); because he planned to join the educational profession/become a teacher; because he desired to have more time to focus on his daughter's athletic endeavors; and because his spouse's income at SSCI was sufficient to enable him to focus on his options outside of electronics. After making these representations, Mr. Peterson then began working as an independent contractor for Pal Pilot and/or its affiliates. Pal Pilot is in direct competition with ISM, and Mr. Peterson's actions represent a blatant violation of his obligations to ISM as set forth in the Confidentiality and Non-Competition Agreement.

For several weeks, and based on Mr. Peterson's misrepresentations about his future employment plans, we reasonably believed that we did not need to take measures to protect our business from competition caused by Mr. Peterson, and that he would honor his obligations as agreed and set forth in the Confidentiality and Non-Competition Agreement. We then learned, in or about September 2004, from Kevin Kayhan of SSCI, that Mr. Peterson had in fact solicited business from SSCI, in violation of the Confidentiality and Non-Competition Agreement. At that point, we began our investigation as to Mr. Peterson's activities, to determine whether he had acted in violation of the Confidentiality and Non-Competition Agreement. I spoke with Mr. Kayhan and confirmed that Mr.

Peterson had discussed potential business with SSCI for the benefit of Pal Pilot and/or its affiliates, all in direct competition with ISM.

Shortly thereafter, and following the Rhode Island Superior's granting of ISM motion for injunctive relief against Mr. Peterson, Kenneth Palumbo, ISM's President, and I, spoke with Mr. Michael Sketers of Trans Tron Ltd. We determined, again, that Mr. Peterson had solicited business from Trans Tron Ltd. on behalf of Pal Pilot, in connection with the Neptune printed circuit board project, a project ISM was responsible for and Mr. Peterson was familiar with and had worked on during his ISM employment. We learned from Mr. Sketers that Mr. Peterson indicated through Rep One that he, on behalf of Pal Pilot, could offer a more competitive price than ISM for the Neptune pcbs. Mr. Peterson was well aware of ISM's pricing methods. Rep One continued to further the efforts initiated by Mr. Peterson for Pal Pilot's benefit. ISM ultimately was asked by Mr. Michael Salmon, also of Tran Tron Ltd., to match the price quoted for printed circuit boards for a project known as the "Neptune Project." ISM was required to lower its price to .065 per unit, representing a 12% overall cost reduction. Based on annual volume, this price reduction translates to a loss of $97,500 per annum.

We also determined through additional calls placed by me, Mr. Palumbo, and/or Mr. David Peck, that Mr. Peterson also had been in contact with other ISM customers after he resigned his ISM employment.

In further response, please refer to my December 1, 2004, testimony in the proceedings before the Providence County Superior Court.

**ARGUMENT:** To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity.

7. Describe all facts and list all documents evidencing Defendant's alleged competition with ISM.

**ANSWER:** Please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, please refer to Interrogatory Answer No. 6.

**ARGUMENT:** To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity. Moreover, as detailed in Defendant's motion to compel further responses to requests for production, Plaintiff's responses to Defendant's request for production are incomplete and evasive, and therefore do not provide answers to this interrogatory.

8. Describe all facts and list all documents evidencing Defendant's contact with customers and/or suppliers of ISM since the end of his employment by ISM.

**ANSWER:** Please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, please refer to Interrogatory Answer No. 6.

**ARGUMENT:** To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity. Moreover, as detailed in Defendant's motion to compel further responses to requests for production, Plaintiff's responses to Defendant's request for production are incomplete and evasive, and therefore do not provide answers to this interrogatory.

9. Describe all facts and list all documents evidencing Defendant's alleged use of ISM's proprietary and/or confidential information since the end of his employment by ISM.

**ANSWER:** Please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, please refer to Interrogatory Answer No. 6.

**ARGUMENT:** To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity. Moreover, as detailed in Defendant's motion to compel further responses to requests for production, Plaintiff's responses to Defendant's request for production are incomplete and evasive, and therefore do not provide answers to this interrogatory.

11. Describe all facts and list all documents evidencing any contact that Defendant has had with any entities listed on "Schedule A" since the end of his employment with ISM.

**ANSWER:** Please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, please refer to Interrogatory Answers 6, 16, and 23.

**ARGUMENT:** To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity. Moreover, as detailed in Defendant's motion to compel further responses to requests for production, Plaintiff's responses to Defendant's request for production are incomplete and evasive, and therefore do not provide answers to this interrogatory.

12. Describe all facts and list all documents regarding ISM bids or competition for business at, contracts with, or sales to SSCI, including the "Phillips" project, since April 2004, including an itemization of all sales to SSCI since April 2004.

**ANSWER:** Objection. The within interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, ISM continues to receive requests for quotes from SSCI for various projects, including the Phillips project. The quantity of SSCI requests for all project quotes has dropped since Mr. Peterson's departure. Upon information and belief, this drop emanates from SSCI's Huntsville, Alabama office.

**ARGUMENT:** Plaintiff's answer fails to provide the itemization of sales, as requested. To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity. Moreover, as detailed in Defendant's motion to compel further responses to requests for production, Plaintiff's responses to Defendant's request for production are incomplete and evasive, and therefore do not provide answers to this interrogatory.

14. Relate all facts and list all documents concerning the payment and/or refund of a $300,000 payment from ISM to SSCI for future business.

**ANSWER:** Objection. The within interrogatory is not reasonably calculated to lead to the discovery of admissible evidence and posed for the improper purpose of interfering with ISM's business relationship with SSCI.

**ARGUMENT:** This interrogatory seeks information regarding the relationship between SSCI and ISM, a topic that is centrally relevant to ISM's claims that Peterson interfered with that relationship.

15. Relate all facts and list all documents regarding ISM bidding or competing for business at, contracts with, or making sales to Howard Industries, Trans Tron, Ltd., NCR, Verilink, and/or Adtran, including an itemization of all sales to these entities since April 2004.

**ANSWER:** Objection. The within interrogatory is overly broad and unduly burdensome. Without waiving said objection, please refer to the documents produced in response to Defendant's First Request for Production of Documents, which include "sample" (i.e., non-exhaustive) documentation establishing that ISM has engaged in bidding or competed for business at, or contracts with, or making sales to Howard Industries, Trans Tron, Ltd., NCR, Verilink, and/or Adtran since April 2004.

**ARGUMENT:** ISM claims that it has lost sales to all of these entities since April 2004; therefore, ISM's bidding activity is centrally relevant to that inquiry. ISM should therefore provide a complete answer to this interrogatory.

16. As to each entity listed on Schedule A, for each individually, relate all facts and list all documents concerning ISM bidding or competing for business at, contracts with, or making sales to that entity. Include an itemization of all sales to each individual entity since April 2004.

**ANSWER:** Objection. The within interrogatory is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT:** ISM has alleged that all of the businesses listed in Schedule A are on-going business contacts of ISM, that Peterson may have interfered with this alleged business and, as a result, sought an order precluding Peterson's contacts with these

companies. ISM has therefore placed its contacts with these businesses at issue in this lawsuit.

17. Relate all facts and list all documents describing and/or relating to proprietary and/or confidential information that Defendant is allegedly using to compete with ISM, including a description of all steps used by ISM to keep such information confidential, including but not limited to any ISM policies regarding confidentiality of business, pricing and/or financial information.

**ANSWER:** Please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, please refer to ISM's answer to interrogatory No. 6. ISM keeps information confidential primarily by requiring all prospective employees to sign a Confidentiality and Non-Competition Agreement or equivalent document as a condition of their ISM employment. ISM also keeps information confidential by seeking to enforce the terms of Confidentiality and Non-Competition Agreements, or their equivalent, with regard to any former employee whom it reasonably believes has acted in contravention of his confidentiality obligations, and by notifying any known competing entity having hired or otherwise retained said employee of the existence of any confidentiality agreement in effect at the time of such hire or retention.

**ARGUMENT:** To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity.

22. Itemize all payments to Mark Peterson in 2004, including all bonuses and/or commissions. If you deny Peterson's contention in his Second Amended Counterclaim that he was due certain bonuses and/or commissions, state all facts and list all documents supporting that denial.

**ANSWER:** Mark Peterson received a $2,500 discretionary bonus in connection with the "Talla Com" transaction. I also believe that he may have received a holiday bonus or bonuses, as did other ISM employees. With regard to Mr. Peterson's claimed entitlement to any additional bonuses, Mr. Peterson failed to meet his required sales volume necessary to justify his salary and any potential bonus entitlement. Mr. Peterson failed to meet and fell far short of his own (self-prepared) sales projections. Mr. Peterson was well aware of his failure to meet the threshold performance level needed to trigger any potential bonus entitlement; in point of fact, Mr. Peterson never requested any bonus payments until after ISM notified him of its intention to take legal action to protect its interests under the Confidentiality and Non-Competition Agreement. Moreover, no agreement to pay bonuses ever was reached and reduced to writing between Mr. Peterson and ISM.

Further responding, please refer to ISM's Response to First Request for the Production of Documents.

**ARGUMENT:** To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity.

23. Itemize all communications that you or any representative of ISM have had regarding Peterson since the end of his employment with ISM with the exception of communications with counsel, including the dates of all such communications, the substance of all communications, the participants and witnesses to all communications, and, if the communications were in writing, the location of all documents evidencing those communications.

**ANSWER:** Objection to the extent the within interrogatory seeks information protected by attorney client privilege and the work product doctrine. Said request also is unduly burdensome and overly broad. Without waiving said objections, please refer to the documents produced in response to Defendant's First Request for Production of Documents. Further responding, please refer to my answers to interrogatories Nos. 6 and 19. Further responding, during the requested time frame, in approximately October, November and/or December 2004 I have discussed Mr. Peterson's breach of the Confidentiality and Non-Competition Agreement with Kevin Kayhan (SSCI), Michael Sketers (Trans Tron), John Greaves (Adtran), Ricky Bentley (Verilink), Mark McMeen (STI), and Alex Sullivan (Howard Industries). During the same time frame, I also have discussed the reasons offered by Mr. Peterson for his ISM departure with Mr. David Peck and Ms. Colleen Silipigni. I, Mr. Palumbo, and Mr. Peck contacted certain customers with whom Mr. Peterson had regular contact to inform them of Mr. Peterson's obligations under the Confidentiality and Non-Competition Agreement, and to attempt to determine whether he had violated his obligations under that agreement. Mr. Palumbo had discussed Mr. Peterson with Kevin Kayhan and Michael Sketers in October, November and/or December 2004, specifically, Mr. Peterson's solicitation of business on behalf of Pal Pilot Inc. Mr. Palumbo also discussed Mr. Peterson when he was asked by Michael Salmon of Trans Tron Ltd. to reduce ISM's pricing on the Neptune project.

In light of this information, our attorneys contacted Pal Pilot. Correspondence from Sammartino & Berg LLP in this regard has been provided as part of ISM's response to First Request for the Production of Documents.

**ARGUMENT**: To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity. To the extent that Plaintiff alleges certain privileged communications, it should still respond to those portions of this request that seek non-privileged information.

24. Itemize all communications that you or any representative of ISM have had with PalPilot since the end of Peterson's employment, including the dates of all such communications, the substance of all communications, the participants and witnesses to all communications, and, if the communications were in writing, the location of all documents evidencing those communications.

**ANSWER**: Please refer to interrogatory No. 24. Further responding, please refer to ISM's response to Defendant's First Request for the Production of Documents.

No ISM employee has had direct communication of any kind with Pal Pilot, except for my call to a telephone number that appeared on Mr. Peterson's ISM cell phone bill. The call, dated July 15, 2004, was to a California telephone number. In the midst of the injunctive relief proceedings before Judge Silverstein, on or about December 1, 2004, I contacted the number, and the person who answered the call identified himself as Tim Sullivan. I asked if he were affiliated with Pal Pilot, and he answered in the affirmative. I then terminated the call. A review of Pal Pilot's official website reveals that Mr. Sullivan is Pal Pilot's United States Director of Production Sales. The relevant telephone record and website content have been produced as part of ISM's Response to First Request for the Production of Records.

**ARGUMENT**: To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity.

25. State all facts and list all documents supporting your denial of any factual allegation contained in the Second Amended Counterclaim in this matter.

**ANSWER:** Objection. The within interrogatory is overly broad and unduly burdensome. Without waiving said objection, please refer to the documents produced in response to Defendant's First Request for Production of Documents.

**ARGUMENT:** This request seeks the factual basis for certain of Plaintiff's pleadings; therefore, these requests are focused on allegations brought into this matter by Plaintiff and, therefore, are not overbroad or unduly burdensome. To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity.

26. State all facts and list all documents supporting any affirmative defense raised by you in response to the Second Amended Counterclaim in this matter.

**ANSWER:** Objection. The within interrogatory exceeds the total number of interrogatories allowed under the Rules of Federal Procedure. Without waiving said objection, please refer to ISM's response to Defendant's First Request for the Production of Documents.

**ARGUMENT:** This request seeks the factual basis for certain of Plaintiff's pleadings; therefore, these requests are focused on allegations brought into this matter by Plaintiff and, therefore, are not overbroad or unduly burdensome. To the extent that Plaintiff is relying on Rule 33(d), it must list the documents from which the answer to this interrogatory may be derived with specificity.

MARK PETERSON

By his Attorneys,

Stephen MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 12th day of September, 2005, I caused a true copy of the within Motion to Compel to be served by first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903



PRV_743306_1/ABATASTINI