SCANNED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, | : | |
| Defendant. | : | |

**MOTION TO COMPEL FURTHER RESPONSES TO**
**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Mark Peterson ("Peterson" or "Defendant") hereby moves this Court for an order compelling Plaintiff International Sourcing and Marketing, Inc. ("Plaintiff" or "ISM") to provide further responses to the following requests for production of documents. Defendant requests compliance with this order within thirty (30) days of the granting of this motion.

**Background**

This matter involves allegations by ISM that Peterson breached his non-competition agreement with ISM after he left ISM's employ in May 2004. Specifically, ISM alleges that Peterson has contacted certain customers of ISM on behalf of Pal Pilot, for whom Peterson currently works. ISM further alleges that certain of those contacts resulted in lost business or a reduction in business to ISM. In discovery and at an injunctive relief hearing held in state court prior to removal, ISM specifically identified SSCI (and specifically the "Phillips" project), TransTron, Ltd., Howard Industries, NCR and Verilink as ISM customers with whom Peterson allegedly made contact in breach of his non-competition agreement.

During that same hearing, Greg Lucini, ISM's chief financial officer and part owner, testified that he had reviewed ISM's phone records, and that those phone records revealed that Peterson had made phone calls to Pal Pilot while still employed by ISM. ISM offered one page of those records into evidence at that hearing.

After removal to federal court, the parties agreed to a stipulated restraining order, whereby Peterson agreed not to contact customers of ISM through April 30, 2005 (as Peterson had nor contacted ISM customers during the non-competition period). As part of that order, ISM prepared a list of 239 alleged customers whom Peterson was prohibited from contacting that was attached to that order as Schedule A (a copy of which is attached hereto as Exhibit A).

Peterson has denied all of ISM's allegations, and specifically denies that he effected contact with any ISM customers during the non-competition period. To date, ISM has been unable to produce any admissible evidence of Peterson's alleged breach of the non-competition agreement, and Peterson's discovery requests have focused on the factual basis for ISM's claim of breach. ISM has further been unable to provide tangible proof of damages growing out of Peterson's alleged breach. As shown below, ISM has been unable to corroborate any of its allegations, and rather, has systematically provided evasive or incomplete answers to Peterson's discovery requests. Indeed, in many instances, ISM has been either unable or unwilling to produce basic factual support for its contention that certain entities were ISM customers (despite representations to the Court of such a relationship) as evidenced by Schedule A.

Prior to filing this motion, counsel for Peterson sent counsel for ISM a letter detailing the deficiencies with ISM's discovery responses along with a draft of this motion.

That letter requested that ISM's counsel contact counsel for Peterson to discuss ISM's discovery responses so that the parties could avoid discovery motions or, at a minimum, narrow the issues before the Court. ISM did not respond to that letter. As a result, Peterson had no option but to file the instant motion.

**Deficient Responses**

1. All statements that you have taken regarding this dispute.

**RESPONSE:** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tab A.

**ARGUMENT:** If ISM is withholding documents due to a claim of privilege, ISM should produce a privilege log regarding those statements.

2. All documents related to the nature, scope and amount of any and all pecuniary or monetary losses that you claim you have sustained.

**RESPONSE:** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tabs A and B.

**ARGUMENT:** If ISM is withholding documents due to a claim of privilege, ISM should produce a privilege log regarding those statements.

3. All documents referring to or supporting your contention that you are due money from Defendant.

**RESPONSE:** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tabs A and B.

**ARGUMENT**: If ISM is withholding documents due to a claim of privilege, ISM should produce a privilege log regarding those statements.

11. All documents regarding Defendant's alleged use of ISM's proprietary and/or confidential information since the end of his employment by ISM.

**RESPONSE**: Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tabs A, B, C, and D.

**ARGUMENT**: If ISM is withholding documents due to a claim of privilege, ISM should produce a privilege log regarding those statements.

12. All documents demonstrating that the entities listed on "Schedule A" are customers or potential customers of ISM.

**RESPONSE**: Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, please refer to the documents attached at Tabs A, B, D, and E (Sample documents that establish a relationship between ISM and the entities listed on "Schedule A" before Peterson's departure from ISM; this response is not complete and shall be supplemented at a later date in a manner and scope to be agreed upon by counsel.).

**ARGUMENT**: ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged customers listed on "Schedule A." That schedule was prepared by ISM and filed with this Court in connection to the restraining order that entered against Peterson. ISM has made a direct allegation that

these entities are its customers, and so, ISM should produce documents related to that allegation.

13. All documents evidencing any contact that Defendant has had with any entities listed on "Schedule A" since the end of his employment with ISM.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, please refer to the documents attached at Tabs A, B, C, and D.

**ARGUMENT:** ISM may not unilaterally decide what documents it will produce and which it will not, and should produce all documents in its possession, custody or control regarding Peterson's alleged contacts with ISM's alleged customers listed on "Schedule A." ISM has made a direct allegation that Peterson impermissibly contacted some of these entities, and so, ISM should produce documents related to that allegation.

14. All documents concerning ISM bidding or competing for business at, contracts with, or making sales to SSCI, including the "Phillips" project, since the end of Peterson's employment with ISM.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting ISM's bidding or competing for business at, contracts with, or making sales to SSCI with regard to the Phillips project subsequent to Peterson's employment).

**ARGUMENT:** ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged business with SSCI.

ISM has made a direct allegation that SSCI is its customer, and that Peterson has attempted to interfere with that relationship and specifically the "Phillips" project. As a result, ISM should produce documents related to that allegation.

15. All documents concerning ISM's removal and/or inclusion on any Approved Vendor List at SSCI.

**RESPONSE:** Objection. The within request is unduly broad. Objection to the extent that the term "approved vendor" is undefined. Without waiving said objections, none.

**ARGUMENT:** This objection should be stricken, as the request is focused narrowly on ISM's status as an approved vendor at SSCI, and ISM is well aware of the definition of "approved vendor", as evidenced by its response to Request No. 16, wherein ISM correctly defines that term as it is understood in the industry.

17. All communications with SSCI regarding the Phillips project since February 2004.

**RESPONSE:** Objection. The within request is unduly broad and overly burdensome. Without waiving said objection, please refer to the documents attached at Tab E (sample communications between SSCI and ISM regarding the Phillips project since February 2005, demonstrating that a customer relationship existed during the requested time frame).

**ARGUMENT:** ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged business with SSCI. ISM has made a direct allegation that SSCI is its customer, and that Peterson has attempted to interfere with that relationship and specifically the "Phillips" project. Peterson's

understanding is that ISM is not an approved vendor for that project and has not successfully bid for work on that project for a number of years. Communications between ISM and SSCI regarding the Phillips project is directly relevant to whether ISM had a customer relationship with SSCI with which Peterson could interfere.

18. All communications regarding the payment and/or refund of a $300,000 payment from ISM to SSCI for future business.

**RESPONSE**: Objection. The within request is not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT**: The ISM-SSCI relationship is central to this matter, and ISM has relied on testimony from SSCI employees in support of its claims against Peterson. Therefore, the relationship between ISM and SSCI, including a potentially illegal payment between the two, are directly relevant to this matter. It is significant that ISM does not contest the existence of this payment, but only the payment's relevance.

19. All documents concerning ISM bidding or competing for business at, contracts with, or making sales to Howard Industries.

**RESPONSE**: Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting Howard Industries' business relationship during and subsequent to Peterson's employment).

**ARGUMENT**: ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged business with Howard. ISM has made a direct allegation that Howard is its customer, and that Peterson

has attempted to interfere with that relationship. As a result, ISM should produce documents related to that allegation.

20. All documents concerning ISM bidding or competing for business at, contracts with, or making sales to Trans Tron, Ltd.

**RESPONSE**: Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A, B and E (sample documents reflecting Trans Tron Ltd.'s business relationship during and subsequent to Peterson's employment).

**ARGUMENT**: ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged business with Trans Tron Ltd. ISM has made a direct allegation that Trans Tron Ltd. is its customer, and that Peterson has attempted to interfere with that relationship. As a result, ISM should produce documents related to that allegation.

21. All documents concerning ISM bidding or competing for business at, contracts with, or making sales to NCR.

**RESPONSE**: Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting NCR's business relationship during and subsequent to Peterson's employment).

**ARGUMENT**: ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged business with NCR.

ISM has made a direct allegation that NCR is its customer, and that Peterson has attempted to interfere with that relationship. As a result, ISM should produce documents related to that allegation.

22. All documents concerning ISM bidding or competing for business at, contracts with, or making sales to Verilink.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting Verilink's business relationship during and subsequent to Peterson's employment).

**ARGUMENT:** ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged business with Verilink. ISM has made a direct allegation that Verilink is its customer, and that Peterson has attempted to interfere with that relationship. As a result, ISM should produce documents related to that allegation.

23. All documents concerning ISM bidding or competing for business at, contracts with, or making sales to Adtran.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting Adtran's business relationship during and subsequent to Peterson's employment).

**ARGUMENT**: ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged business with Adtran. ISM has made a direct allegation that Adtran is its customer, and that Peterson has attempted to interfere with that relationship. As a result, ISM should produce documents related to that allegation.

24. All documents concerning ISM bidding or competing for business at, contracts with, or making sales to all entities listed on Schedule A.

**RESPONSE**: Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A, B, and E. (Sample documents that establish a relationship between ISM and the certain entities listed on "Schedule A" both before and after Peterson's departure from ISM; this response is not complete and shall be supplemented at a later date in a manner and scope to be agreed upon by counsel).

**ARGUMENT**: ISM may not rely on "sample" documents, and should produce all documents in its possession, custody or control regarding its alleged customers listed on "Schedule A." That schedule was prepared by ISM and filed with this Court in connection to the restraining order that entered against Peterson. ISM has made a direct allegation that these entities are its customers, and so, ISM should produce documents related to that allegation.

28. All documents describing the computer network used by you, the e-mail system used by you, and the electronic document storage and retrieval system used by you, and all documents describing your archiving of electronic documents or use of back-up or

archival tapes.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT:** This request is directly focused to discover how ISM stores its documents, and whether there are electronic documents in ISM's possession that have not been produced.

31. All documents that you identified, referred to or relied upon in drafting your answers to any interrogatories posed in this case.

**RESPONSE:** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached at Tabs A – G.

**ARGUMENT:** If ISM is withholding documents due to a claim of privilege, ISM should produce a privilege log regarding those statements.

34. All documents reflecting sales on any account on which Defendant worked for the term of Defendant's employment with ISM.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the document attached at Tabs A, B, C, D, E, and G.

**ARGUMENT:** This objection should be stricken, as the request is focused narrowly on what business Peterson worked on while with ISM. That information relates directly to ISM's claim that Peterson used ISM's proprietary knowledge regarding its pricing with certain customers.

36. All documents evidencing any communication that you or any representative of ISM have had regarding Peterson since the end of his employment with ISM with the exception of communications with counsel.

**RESPONSE:** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached at Tabs A, B, and D.

**ARGUMENT:** If ISM is withholding documents due to a claim of privilege, ISM should produce a privilege log regarding those statements.

37. All phone records for ISM since Defendant began employment with ISM, including all phone records referenced during testimony at the temporary restraining order held by the Rhode Island Superior Court in this matter.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached at Tab A.

**ARGUMENT:** Greg Lucini, ISM's CFO, testified at the TRO hearing in this matter of phone records that ISM possessed from which he produced one page showing a phone call from Peterson's ISM phone to PalPilot. The existence or non-existence of records showing phone calls to PalPilot and to alleged ISM customers is directly relevant to this matter. ISM has already referenced these records in this matter and, as a result, these records should be produced.

38. All documents evidencing any communications that you or any representative of ISM have had with PalPilot since the end of Peterson's employment

**RESPONSE:** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached at Tab D.

**ARGUMENT:** If ISM is withholding documents due to a claim of privilege, ISM should produce a privilege log regarding those statements.

39. All documents supporting your denial of any factual allegation contained in the Second Amended Counterclaim in this matter.

**RESPONSE:** Objection. The within request is overly broad and unduly burdensome. Without waving said objections, please refer to the documents attached at Tabs A, B, C, F, and G.

**ARGUMENT:** This objection should be stricken, as the request is focused narrowly on facts supporting pleadings made by ISM and, as such, is not overbroad or unduly burdensome.

40. All documents supporting any affirmative defense raised by you in response to the Second Amended Counterclaim in this matter.

**RESPONSE:** Objection. The within request is unduly broad, overly burdensome. Objection to the extent the within request seeks information protected by attorney client privilege and the work product doctrine. Without waiving said objections, please refer to the documents attached at Tabs A, B, C, D, F, F and G.

**ARGUMENT:** This objection should be stricken, as the request is focused narrowly on documents supporting ISM's affirmative defenses, and is not overbroad or unduly burdensome.

MARK PETERSON

By his Attorneys,

Stephen MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 12th day of September, 2005, I caused a true copy of the within Motion to Compel to be served by first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903