UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING & MARKETING, LTD., Plaintiff | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant | : | |

**PLAINTIFF, INTERNATIONAL SOURCING & MARKETING, LTD's OBJECTION TO MOTION TO COMPEL RESPONSES TO DEFENDANT's FIRST REQUEST FOR PRODUCTION**

Now comes Plaintiff, International Sourcing & Marketing and hereby objects to the Defendant's Motion to Compel Responses to Defendant's First Request for Production. In opposition to said motion, ISM relies upon the accompanying Memorandum of Law.

INTERNATIONAL SOURCING &
MARKETING, LTD.,
By its Attorneys,

ANDREW BERG
Bar No. 4754
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

CATHERINE A. SAMMARTINO
Bar No. 4762
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

**CERTIFICATION**

I hereby certify that on this 26th day of September, 2005, I caused to be submitted via regular mail, postage prepaid, a copy of the within Objection to the following counsel of record:

Armando E. Batastini, Esquire
Stephen J. MacGillivray, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

Allen J. Anderson, Esquire
FEES & BURGESS, P.C.
213 Green Street
Huntsville, AL 35801

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING & MARKETING, LTD., Plaintiff | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant | : | |

**PLAINTIFF, INTERNATIONAL SOURCING & MARKETING, LTD's MEMORANDUM OF LAW IN OPPOSTION TO MOTION TO COMPEL RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, International Sourcing & Marketing, Inc. ("ISM") respectfully submits the within Memorandum of Law in Opposition to the Defendant's Motion to Compel Responses to First Request for Production of Documents. For all of the reasons set forth below, Defendant's motion ought to be denied.

**CASE TRAVEL AND OVERVIEW.** This action involves ISM's efforts to enforce, and to recover damages, for Defendant's violation of a Non-Competition and Confidentiality Agreement that Defendant executed in consideration and at the commencement of his ISM employment. The agreement prohibited Defendant from, *inter alia,* contacting customers of ISM and attempting to solicit their business for a nine month period after employment separation. Shortly following his voluntary departure from ISM, Defendant began to provide services on behalf of Pal Pilot, an entity in the same business as ISM. Defendant's services to Pal Pilot were comparable to his ISM duties, and included his efforts to solicit business from ISM customers with whom

Defendant had worked during his ISM employment. After the Rhode Island Superior Court (Silverstein, J.) granted a temporary restraining order on behalf of ISM, Defendant removed the within matter to this Court. Following removal, ISM again moved for Temporary Restraining Order. Upon this Court's consideration of the relevant pleadings as well as the transcript of proceedings before the Rhode Island Superior Court, it too granted ISM's Motion for Temporary Restraining Order (Lisi, J). Defendant subsequently assented to a Preliminary Injunction precluding him from contacting certain customers and prospective customers of ISM until May 1, 2005. These customers were identified in a document entitled "Schedule A" and incorporated by reference in the Assented Preliminary Injunction. At ISM's request, Schedule A was placed under seal.

**RESPONSES WHICH DEFENDANT DEEMS "DEFICIENT."** Defendant propounded forty (40) requests for production. ISM objected to twenty four (24) of said requests. The majority of these objections stem from Defendant's request that ISM produce each and every document to which it claims privilege. As such, a broad range of non-discoverable items as ISM's attorneys' notes, analysis, deposition outlines, thought processes, and strategic memoranda are requested by Defendant.

**Request No. 1.** All statements that you have taken regarding this dispute.

**Response No. 1.** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tab A.

**Argument.** In the "Definitions" portion of Defendant's Request for Production, Defendant indicated that it sought all documents, regardless of whether designated as "confidential" or "privileged." As such, Defendant clearly seeks documents and communications that are protected by attorney client privilege and work product doctrine. ISM is entitled to obvious broad protections in these areas.

The Defendant' s use of the term "statement" is undefined. Assuming that the term indicates a written record of facts that are reviewed and signed by a prospective witness, ISM possesses none.

**Request No. 2.** All documents related to the nature, scope and amount of any and all pecuniary or monetary losses that you claim you have sustained.

**Response No. 2.** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tabs A and B.

**Argument.** Again, in the "Definitions" portion of Defendant's Request for Production, Defendant indicated that it sought all documents, regardless of whether designated as "confidential" or "privileged." As such, Defendant seeks documents and communications that are protected by attorney client privilege and work product doctrine. ISM is entitled to obvious, broad protections in these areas.

In connection with Response No. 2, ISM has provided all responsive documents with the exception if ISM's counsel's notes. It is well established that

attorney notes reveal an attorney's legal conclusions; in making said notes, an attorney typically documents material that he or she deems legally significant. In this way, attorney notes are akin to an attorney's determination as to which documents are important to a case - the latter being something routinely held to be protected work product. *See, e.g, Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992). *See also notes,* FED. R. Civ. P. 26 (subdivision b)(Thomson West 2005)("The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'"As such, Defendant's Motion to Compel further response to this request for production is improper and ought to be denied.

**Request No. 3.** All documents referring to or supporting our contention that you are due money from Defendant.

**Response No. 3.** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tabs A and B.

**Argument.** ISM reiterates the argument made in opposition to Defendant's Motion to Compel Request for Production No. 2. ISM objects to the production of its attorney notes, outlines, and data, and further objects to Defendant's request that it disclose, even generally, the content of said materials.

**Request No. 11.** All documents regarding Defendant's alleged use of ISM's proprietary and/or confidential information since the end of his employment by ISM.

**Response No. 11.** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached as Tabs A, B, C, and D.

**Argument.** ISM reiterates the arguments made in opposition to Defendant's Motion to Compel Request for Production No. 2. ISM objects to the production of its attorney notes, outlines, and data, and further objects to Defendant's request that it disclose, even generally, the content of said materials.

**Request No. 12.** All documents demonstrating that the entities listed on "Schedule A" are customers or potential customers of ISM.

**Response No. 12.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, please refer to the documents attached at Tabs A, B, D, and E (Sample documents that establish a relationship between ISM and the entities listed on "Schedule A" before Peterson's departure from ISM; this response is not complete and shall be supplemented at a later date in a manner and scope to be agreed upon by counsel.).

**Argument.** "Schedule A" represents an attachment to the parties' January 2005 Assented Preliminary Injunction. In May 2005, Defendant propounded its' Request for Production seeking that ISM produce each and every document which evidences the relationship of more than 200 ISM customers or potential customers for an indeterminate period.

First, this request is improper, as Defendant *agreed* to accept "Schedule A"

as part of the Assented Preliminary Injunction. It ought not after the fact seek to challenge that which it agreed to accept.

Second, the request is unduly broad, as it seeks documents for an open-ended period.

Third, the request seeks *all* documents that evidence a customer or prospective customer relationship. As such, it is unduly burdensome. ISM has multiple employees, many of whom communicate with existing or prospective customers. In order to respond to the within request, ISM would be required to engage in the costly and Herculean task of retrieving from various data sources (including laptop computers whose contents are not preserved on ISM's central computer system). ISM properly attempted to address the expressed concern of the Defendant (e.g., establish that ISM conducts business, or has solicited business, from those entities identified on "Schedule A.") by providing "sample" documents demonstrating the business relationship between ISM and the entities identified on "Schedule A."

Fourth, Defendant purged the content contained on his ISM-provided laptop in connection with his voluntary departure from ISM to work for its competitor. Many of the ISM customers identified on "Schedule A" were serviced by Defendant. ISM ought not be required to spend time, energy and effort, seeking to secure information that Defendant improperly destroyed. (The Confidentiality and Non-Competition Agreement between Defendant and ISM prohibits Defendant from destroying records and property of ISM.)

Fifth, the information requested by Defendant (e.g., demonstrate

relationships with all customers or prospective customers, despite the fact that Defendant agreed not to contact the same) is absolutely irrelevant to the remaining litigation. The injunction has expired as of April 30, 2005. As such, Defendant may contact any entity or person whom he chooses, including the entities identified in "Schedule A." The remaining claims in this litigation pertain to ISM's damages claim resulting from Defendant's breach of the Confidentiality and Non-Competition Agreement, and Peterson's counterclaims for emotional distress, breach of Contract, and interference with business advantage/prospective contract[1]. None of these claims has any relationship to the information sought by Defendant in its' Request for Production No. 12.

In considering all of the above, Defendant's request seeks information that is "unreasonable [and] unduly expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation." FED. R. Civ. P. 26(g)(2)(C)(Thomson West 2005).

Accordingly, Defendant's Request for Production ought to be denied.

**Request No. 13.** All documents evidencing any contact that Defendant has had with any entities listed on "Schedule A" since the end of his employment with ISM.

**Response No. 13.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible

[1] Peterson apparently maintains that ISM's notification to its competitor that it had obtained an injunction against Defendant comprises interference with contract/business advantage.

evidence. Without waiving said objection, please refer to the documents attached at Tabs A, B, C, and D.

**Argument 13.** ISM reiterates and incorporates by reference its argument in response to Defendant's Request No. 12.

**Request No. 14.** All documents concerning ISM bidding or competing for business at, contracts with, or making sales to SSCI, including the "Phillips" project, since the end of Peterson's employment with ISM.

**Response No. 14.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting ISM's bidding or competing for business at, contracts with, or making sales to SSCI with regard to the Phillips project subsequent to Peterson's employment).

**Argument.** The basis of ISM's damages claim requires that it demonstrate its' lost business opportunities due to Defendant's use of his knowledge and contacts to procure said business from ISM. It therefore is unnecessary and extremely costly for ISM to attempt to cull every email, and every document pertaining to its business relationship with SSCI.

**Request No. 15.** All documents concerning ISM's removal and/or inclusion on any Approved Vendor List at SSCI.

**Response No. 15.** Objection. The within request is unduly broad. Objection to the extent that the term "approved vendor" is undefined. Without waiving said objections, none.

**Argument.** ISM's response remains the same: none. There are no documents relevant to this request.

**Request No. 16.** All documents evidencing that ISM is an approved vendor for the Phillips project at SSCI.

**Response No. 16.** Objection to the extent that the term "approved vendor" is undefined. Without waiving said objection, and assuming that the term "approved vendor" refers to an entity who conducts business with SSCI with regard to the Phillips projects, please refer to the documents attached at Tabs A and E.

**Argument.** Again, Defendant appears to seek each and every document that evidences business conducted by ISM in connection with SSCI's Phillips projects. This request is unduly broad and costly, seeks information over an indeterminate period, has no meaningful relationship to the litigation at hand, and does not serve the purposes set forth in Federal Rule of Civil Procedure 26.

**Request No. 17.** All communications with SSCI regarding the Phillips project since February 2004.

**Response No. 17.** Objection. The within request is unduly broad and overly burdensome. Without waiving said objection, please refer to the documents attached at Tab E (sample communications between SSCI and ISM regarding the Phillips project since February 2005, demonstrating that a customer relationship existed during the requested time frame).

**Argument.** ISM continuously has attempted to remedy Defendant's broad discovery requests by producing sample documents addressing Defendant's

specified basis for the information (here, Defendant indicated an interest in confirming that ISM continued its business relationship with SSCI following Defendant's departure.) Despite its belief that this request has no bearing on the litigation, ISM continuously has attempted to fashion some response designed to meet its requirements under Rule 26. Moreover, much of the information sought has been destroyed by the Defendant, who was the primary ISM contact for the SSCI Phillips projects. Defendant "stripped" ISM's harddrive on the laptop provided to him by ISM, thereby apparently destroying much of the requested information, despite having agreed in writing, at the commencement of his employment, to return to ISM all records and documents at the time of his employment separation. ISM ought not be required to hire technical experts in an attempt to retrieve the information Defendant wrongfully destroyed.

**Request No. 18.** All communications regarding the payment and/or refund of a $300,000 payment from ISM to SSCI for future business.

**Response No. 18.** Objection. The within request is not reasonably calculated to lead to the discovery of admissible evidence.

**Argument.** In order to make its claim of money damages due to Defendant's violation of the Confidentiality and Non-Competition Agreement, ISM must demonstrate that it lost business due to Defedant's successful diversion of the same to Pal Pilot, his new employer. Thus, any payments between ISM to SSCI *prior to* Defendant's IMS departure have no bearing on this litigation and are not "reasonably calculated to lead to the discovery of admissible evidence."

**Request No. 19.** All documents concerning ISM bidding or competing for

business at, contracts with, or making sales to Howard Industries.

**Response No. 19.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting Howard Industries' business relationship during and subsequent to Peterson's employment).

**Argument.** Again, Defendant seeks any and all documents evidencing the business relationship between it and its customer, Howard Industries, for an indeterminate period. ISM has properly addressed Defendant's stated concern – verification of the existence of a business relationship during and after Defendant's ISM employment – by providing samples of documents that demonstrate the same. Defendant improperly seeks "everything" in ISM's possession with regard to its' Howard Industries relationship; this all encompassing request is overly broad. Also, again, it is of no moment whether ISM bid for projects and lost bids *unless* said bids were for business diverted by the Defendant. Defendant maintains that he has diverted no business whatsoever from ISM; therefore, the request is superfluous.

Further responding, ISM, through its' counsel, and in advance of its Response to Request for Production, disclosed to Defendant its intent to provide sample documentation designed to express the specific concerns disclosed by Defendant. Having done so, ISM offered Defendant the opportunity to specify the nature of any additional documentation he felt relevant, and the opportunity to limit in scope his request for records over an indeterminate period. Defendant

offered no further guidance to ISM. As such, this Court ought to deny Defendant's motion.

**Request No. 20.** All documents concerning ISM bidding or competing for business at, contracts with, or making sales to Trans Tron, Ltd.

**Response No. 20.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A, B and E (sample documents reflecting Trans Tron Ltd.'s business relationship during and subsequent to Peterson's employment).

**Argument.** ISM relies upon the arguments set forth in opposition to Motion to Compel further responses to Request No. 19.

**Request No. 21.** All documents concerning ISM bidding or competing for business at, contracts with, or making sales to NCR.

**Response No. 21.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting NCR's business relationship during and subsequent to Peterson's employment).

**Argument.** ISM relies upon the arguments set forth in opposition to Motion to Compel further responses to Request No. 19.

**Request No. 22.** All documents concerning ISM bidding or competing for business at, contracts with, or making sales to Verilink.

**Response No. 22.** Objection. The within request is unduly broad, overly

burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting Verilink's business relationship during and subsequent to Peterson's employment).

**Argument.** ISM relies upon the arguments set forth in opposition to Motion to Compel further responses to Defendant's Request No. 19.

**Request No. 23.** All documents concerning ISM bidding or competing for business at, contracts with, or making sales to Adtran.

**Response No. 23.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A and E (sample documents reflecting Adtran's business relationship during and subsequent to Peterson's employment).

**Argument.** ISM relies upon the arguments set forth in opposition to Motion to Compel further responses to Defendant's Request No. 19.

**Request No. 24.** All documents concerning ISM bidding or competing for business at, contracts with, or making sales to all entities listed on Schedule A.

**Response No. 24.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the documents attached as Tabs A, B, and E. (Sample documents that establish a relationship between ISM and the certain entities listed on "Schedule A" both before and after Peterson's departure from ISM; this response is not complete and shall be

supplemented at a later date in a manner and scope to be agreed upon by counsel).

**Argument.** "Schedule A" represents an attachment to the parties' January 2005 Assented Preliminary Injunction. In May 2005, Defendant propounded its' Request for Production seeking that ISM produce each and every document which evidences the relationship of more than 200 ISM customers or potential customers for an indeterminate period.

First, this request is improper, as Defendant *agreed* to accept "Schedule A" as part of the Assented Preliminary Injunction. It ought not after the fact seek to challenge that which it agreed to accept.

Second, the request is unduly broad, as it seeks documents for an open-ended period.

Third, the request seeks *all* documents that evidence a customer or prospective customer relationship. As such it is unduly burdensome. ISM has multiple employees, many of whom communicate with existing or prospective customers. In order to respond to the within request, ISM would be required to engage in the costly and Herculean task of retrieving from various data sources (including laptop computers whose contents are not preserved on ISM's central computer system). ISM properly attempted to address the expressed concern of the Defendant (e.g., establish that ISM conducts business, or has solicited business, from those entities identified on "Schedule A.") by providing "sample" documents demonstrating the relationship between ISM and the entities identified on "Schedule A."

Fourth, Defendant purged the content contained on his ISM-provided laptop in connection with his voluntary departure from ISM to work for its competitor. Many of the ISM customers identified on "Schedule A" were serviced by Defendant. ISM ought not be required to spend time, energy and effort, seeking to secure information that Defendant improperly destroyed. (The Confidentiality and Non-Competition Agreement between Defendant and ISM prohibits Defendant from destroying records and property of ISM.)

Fifth, the information requested by Defendant (e.g., demonstrate relationships with all customers or prospective customers, despite the fact that Defendant agreed not to contact the same) is absolutely irrelevant to the remaining litigation. The injunction has expired as of April 30, 2005. As such, Defendant may contact any entity or person whom he chooses, including the entities identified in "Schedule A." The remaining claims in this litigation pertain to ISM's damages claim resulting from Defendant's breach of the Confidentiality and Non-Competition Agreement, and Peterson's counterclaims for emotional distress, breach of Contract, and interference with business advantage/prospective contract. None of these claims has any relationship to the information sought by Defendant in its' Request for Production No. 24.

In considering all of the above, Defendant's request seeks information that is "unreasonable [and] unduly expensive, given the needs of the case, the discovery already had in the case, the amount in controversy, and the importance of the issues at stake in the litigation." FED. R. Civ. P. 26(g)(2)(C)(West 2005).

Accordingly, Defendant's Request for Production ought to be denied.

**Request No. 28.** All documents describing the computer network used by you, the e-mail system used by you, and the electronic document storage and retrieval system used by you, and all documents describing your archiving of electronic documents or use of back-up or archival tapes.

**Response No. 28.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Argument.** This request seeks network information for an indeterminate period of time. As such, it is improper. ISM has no objection to responding to this request for a reasonable timeframe and proposes the following: 2003 to the present.

**Request No. 31.** All documents that you identified, referred to or relied upon in drafting your answers to any interrogatories posed in this case.

**Response No. 31.** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached at Tabs A – G.

**Argument.** Again, Defendant specifically seeks information that is "privileged." ISM has produced all requested documents with the exception of its' attorneys notes. As discussed *supra*, ISM should not be required to even generally disclose the content of its attorneys' notes.

**Request No. 34.** All documents reflecting sales on any account on which

Defendant worked for the term of Defendant's employment with ISM.

**Response No. 34.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, please refer to the document attached at Tabs A, B, C, D, E, and G.

**Argument.** Here, Defendant seeks all documentation reflecting account sales in connection with every customer with whom Defendant worked. Defendant maintains that it needs this broad-based information in order to evaluate Defendant's "proprietary knowledge with regard to [ISM's] pricing with certain customers." Defendant clearly understood ISM's pricing practices, as Defendant prepared price quotes and responded to bids. Defendant's request that ISM review and produce each and every email and other correspondence with regard to account sales (NOT pricing) is excessive, inordinately costly in light of the nature of the within litigation, and not "reasonably calculated to lead to the discovery of admissible evidence."

**Request No. 36.** All documents evidencing any communication that you or any representative of ISM have had regarding Peterson since the end of his employment with ISM with the exception of communications with counsel.

**Response No. 36.** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached at Tabs A, B, and D.

**Argument.** Again, in the "Definitions" portion of Defendant's Request for

Production, Defendant indicated that it sought all documents, regardless of whether designated as "confidential" or "privileged." As such, Defendant seeks documents and communications that are protected by attorney client privilege and work product doctrine. ISM is entitled to obvious, broad protections in these areas.

In connection with Response No. 36, ISM has provided all responsive documents with the exception if ISM's counsel's notes. It is well established that attorney notes reveal an attorney's legal conclusions; in making said notes, an attorney typically documents material that he or she deems legally significant. In this way, attorney notes are akin to an attorney's determination as to which documents are important to a case - the latter being something routinely held to be protected work product. *See, e.g, Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992). *See also notes*, FED. R. Civ. P. 26 (subdivision b)(Thomson West 2005) ("The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" As such, Defendant's Motion to Compel further response to this request for production is improper and ought to be denied.

**Request No. 37.** All phone records for ISM since Defendant began employment with ISM, including all phone records referenced during testimony at the temporary restraining order heard by the Rhode Island Superior Court in this matter.

**Response No. 37.** Objection. The within request is unduly broad, overly burdensome, and not reasonably calculated to lead to the discovery of admissible

evidence. Without waiving said objections, please refer to the documents attached at Tab A.

**Argument.** Defendant seeks all of ISM's telephone records over a period of approximately three years. This request encompasses multiple telephone lines for ISM's central offices and the cellular telephone bills of many of its employees, for whom ISM provides and pays for cellular telephone service. As such, this request is overly broad and unduly burdensome. ISM already has provided the telephone record upon which it relied during testimony before the Rhode Island Superior Court (said record was admitted into evidence during those proceedings). To the extent that said record is incomplete, ISM shall provide the complete telephone record under separate cover.

**Request No. 38.** All documents evidencing any communications that you or any representative of ISM have had with PalPilot since the end of Peterson's employment.

**Response No. 38.** Objection to the extent that the within request seeks information protected by attorney client privilege or the work product doctrine. Without waiving said objection, please refer to the documents attached at Tab D.

**Argument.** Again, in the "Definitions" portion of Defendant's Request for Production, Defendant indicated that it sought all documents, regardless of whether designated as "confidential" or "privileged." As such, Defendant seeks documents and communications that are protected by attorney client privilege and work product doctrine. ISM is entitled to obvious, broad protections in these areas.

In connection with Response No. 37, ISM has provided all responsive documents with the exception if ISM's counsel's notes. It is well established that attorney notes reveal an attorney's legal conclusions; in making said notes, an attorney typically documents material that he or she deems legally significant. In this way, attorney notes are akin to an attorney's determination as to which documents are important to a case - the latter being something routinely held to be protected work product. *See, e.g, Petersen v. Douglas County Bank & Trust Co.*, 967 F.2d 1186, 1189 (8th Cir. 1992). *See also notes*, FED. R. Civ. P. 26 (subdivision b)(Thomson West 2005) ("The obligation to provide pertinent information concerning withheld privileged materials applies only to items 'otherwise discoverable.'" As such, Defendant's motion to compel further response to this request for production is improper and ought to be denied.

**Request No. 39.** All documents supporting your denial of any factual allegation contained in the Second Amended Counterclaim in this matter.

**Response No. 39.** Objection. The within request is overly broad and unduly burdensome. Without waving said objections, please refer to the documents attached at Tabs A, B, C, F, and G.

**Argument.** ISM has provided comprehensive documents in response to this request and waives its objection to the same.

**Request No. 40.** All documents supporting any affirmative defense raised by you in response to the Second Amended Counterclaim in this matter.

**Response No. 40.** Objection. The within request is unduly broad, overly burdensome. Objection to the extent the within request seeks information

protected by attorney client privilege and the work product doctrine. Without waiving said objections, please refer to the documents attached at Tabs A, B, C, D, E, F and G.

**Argument.** ISM relies upon its argument in Opposition to Defendant's Motion to Compel further Response to Defendant's Request No. 38. ISM objects to the production of its attorney notes, outlines, and data, and further objects to Defendant's request that it disclose, even generally, the content of said materials.

INTERNATIONAL SOURCING &
MARKETING, LTD.,
By its Attorneys,

ANDREW BERG
Bar No. 4754
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

CATHERINE A. SAMMARTINO
Bar No. 4762
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

**CERTIFICATION**

I hereby certify that on this 26th day of September, 2005, I caused to be submitted via regular mail, postage prepaid, a copy of the within Memorandum to the following counsel of record:

Armando E. Batastini, Esquire
Stephen J. MacGillivray, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

Allen J. Anderson, Esquire
FEES & BURGESS, P.C.
213 Green Street
Huntsville, AL 35801

Mary A. Gilson