UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION AND FOR SANCTIONS**

Plaintiff International Sourcing and Marketing, Ltd.'s ("ISM") Objection to Defendant Mark Peterson's ("Peterson") Motion to Compel Further Responses to Requests for Production is entirely frivolous. As described below, ISM interposes frivolous objections to discovery requests seeking information that is central to this matter, thereby forcing Peterson to expend unnecessary additional attorney's fees to secure basic discovery responses. As a result, Peterson presents this Reply Memorandum and seeks sanctions, including his attorney's fees, associated with this motion.

**1. ISM's Position That It Can Produce Incomplete "Sample" Documents Is Frivolous**

Request Nos. 12 through 24 seek documentation regarding ISM's business contacts, if any, with SSCI, Howard Industries, Trans Tron, Ltd., NCR, Verilink, Adtran (collectively "alleged customers") and entities listed on Schedule A. ISM's original

response interposed boilerplate objections, and produced certain incomplete "sample" documents.[1]

With respect to the alleged customers, ISM expressly alleges that Peterson caused ISM to lose business from these entities. As a result, ISM has squarely placed its business dealings with these entities at issue, and should be ordered to disclose fully those dealings. ISM's position that it only has to provide "sample" documents allegedly verifying a business relationship with these entities misses the point – Peterson has a right to investigate the extent of that business, if any, with these entities, whether that business waned after Peterson left ISM's employment, and what were the reasons for any business downturn. There is simply no support in the Rules of Civil Procedure or elsewhere for ISM's position that it can fulfill its discovery obligations by producing selected and incomplete "sample" documents, and for a federal court practitioner to forward such a claim is a clear violation of Rules 11 and 37. See Petroleum Insurance Agency, Inc. v. Hartford Accident and Indemnity Co., 106 F.R.D. 59, 64 (D.Mass. 1985) (attempts to produce sample discoverable documents makes a "mockery" of the discovery process.); National Association of Radiation Survivors, 115 F.R.D. 543, 556 (N.D.Cal. 1987) (a party's "failure to produce clearly responsive documents and information" required the imposition of sanctions).

The same applies with respect to Request Nos. 12, 13 and 24, seeking documentation related to the entities listed on Schedule A. That schedule is a list of alleged customers and potential customers of ISM that ISM prepared and filed in this

---

[1] With respect to Request No. 15, ISM objected to that request on the basis of overbreath, undue burden and lack of relevance, and then responded by stating that it did not have any responsive documents in its possession, custody or control. ISM's objection to that request should be stricken, as that request is narrowly focused on ISM's status as an approved vendor at SSCI.

litigation as an exhibit to a Consented Preliminary Injunction Order. ISM's response to those requests are admittedly incomplete – "this response shall be supplemented at a later date" and furnish only "samples" related to fourteen of the two hundred and thirty-nine entities identified on Schedule A, six of which are specific alleged customers listed above on which specific document requests focused.[2]

ISM has made a representation to this Court that the entities listed on Schedule A are customers or potential customers of ISM. As such, Peterson has a right to probe the veracity of that assertion. ISM's argument that Peterson accepted this list as accurate is untrue; rather, Peterson agreed to not contact these entities for approximately three months as a way to avoid a costly preliminary injunction hearing, but never stipulated to the accuracy of Schedule A.[3]

It is Peterson's understanding that ISM has little or no business with any of these entities, and that ISM has no relationship at all with the majority of entities listed on Schedule A. That fact is borne out by ISM's ability to produce "sample" documents relating to only fourteen of the two hundred and thirty-nine entities listed on Schedule A. In fact, ISM's argument that production of documents bearing on its relationship with these entities is overly burdensome fails for lack of proof – ISM provides no factual support whatsoever for this allegation. See Sage v. Automation, Incorporation Pension Plan and Trust, 1991 WL 206240, at * 2 (D.Kan. 1991) (requiring "particularized and specific demonstration of facts in support of argument that production of discovery would be

---

2 The other entities appear to be STI, SCI, Flextronics, Delphi, Yeti, Coyette, KMB and Leader Electronics.

3 These requests are also relevant to Peterson's counter-claim for tortious interference with business relationships, as ISM made certain misstatements to certain entities with whom Peterson presently does business, and Peterson has a right to discover the breadth of those false communications.

burdensome and oppressive.); Pulsecard, Inc. v. Discover Card Services, Inc., 1996 WL 397567, at * 2 (D.Kan. 1996) ("[b]are assertions that the discovery requested is overly broad, unduly burdensome, oppressive or irrelevant are ordinarily insufficient . . . to bar production.") ISM's response consequently appears to be a dodge to mask its lack of business with these entities, and relatedly, the absence of factual support for its claims against Peterson.

ISM's other arguments are likewise specious. First, ISM alleges that Peterson destroyed documents, but offers no proof of this alleged destruction, and that alleged destruction does not absolve ISM from the duty of producing all other responsive documents in its possession, custody or control. Also, Peterson and his counsel never agreed to the production of "sample" documents or anything less than full production of all responsive documents from ISM. In fact, in a letter dated September 2, 2005, counsel for Peterson requested that ISM supplement its production as described in Peterson's motion to compel. ISM never responded to that letter, forcing Peterson to file the instant motion.

**2. ISM's Privilege Arguments Are Obstructionist**

With respect to Request Nos. 1, 2, 3, 11, 31, 36, 38 and 40, ISM did not produce certain documents, claiming attorney-client and/or work product privilege. In response, Peterson first requested a privilege log for those documents in a letter dated September 2, 2005, and upon getting no response from ISM, was forced to file his motion. That motion clearly asks for a privilege log with respect to documents for which ISM claims a privilege, and does not seek production of those withheld documents. ISM's objection nevertheless argues that it should not be compelled to produce privileged documents, entirely ignoring Peterson's request for a privilege log. ISM's tactic of failing to address

the substance of Peterson's argument and also refusing to produce a privilege log is a clear example of obstructionist discovery practice that violates Rule 37.[4]

### 3. **<u>This Court Should Sanction ISM For Its Frivolous Objections</u>**

ISM's objections are wholly frivolous and an obvious dodge. At bottom, Peterson should not bear the cost of forcing ISM to comply with its discovery obligations. This Court should consequently sanction ISM for its obstructionist discovery tactics pursuant to Rules 11 and 37, and order it to pay for Peterson's reasonable attorney's fees associated with this motion. <u>See</u> <u>In re Gomer</u>, 58 B.R. 310, 311 (Bankr. D.R.I. 1986) (imposing sanctions including fees and costs resulting from obstructionist discovery tactics.)

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

4 ISM relies on the arguments in its Motion to Compel with respect to Request Nos. 28, 34, 37 and 39.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 7th day of October, 2005, I caused a true copy of the within Reply Memorandum to be served by facsimile and first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903