UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, :

v. : CA 04-511 ML

MARK PETERSON, Defendant. :

**ORDER**
**RE DEFENDANT'S MOTIONS TO COMPEL FURTHER ANSWERS AND RESPONSES**

Before the court are Defendant's Motion to Compel Further Answers to Defendant's First Set of Interrogatories (Document ("Doc.") #31) ("Motion to Compel Answers") and Motion to Compel Further Responses to Defendant's First Request for Production of Documents (Doc. #32) ("Motion to Compel Production") (collectively "the Motions"). Defendant has also requested sanctions in connection with the Motions. A hearing was held on October 13, 2005.

Plaintiff shall number the pages of the documents which Plaintiff has produced (and will in the future produce) in response to Defendant's request for discovery so that the documents produced may be easily referenced and identified by page number(s). With regard to the individually numbered interrogatories and requests for production contained in the Motions, the court rules as follows:

## I. Motion to Compel Answers

5. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request. If Plaintiff has knowledge of communications not reflected in the documents, Plaintiff must describe the communications.

6. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request. If Plaintiff has knowledge of facts not reflected in the documents, Plaintiff must describe the facts. Additionally, Plaintiff must identify the "other ISM customers" to which Plaintiff refers in the penultimate paragraph of its answer to Interrogatory No. 6 ("that Mr. Peterson also had been in contact with **other ISM customers** after he resigned his employment.")(bold added). If Plaintiff is unable to identify these customers by name, Plaintiff must affirmatively so state and explain the reason for its inability.

7. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request. If Plaintiff has knowledge of facts not reflected in the documents, Plaintiff must describe the facts.

8. Same ruling as No. 7.

9. Same ruling as No. 7.

11. Same ruling as No. 7.

12. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request. Plaintiff must also provide requests for bids, quotes, and sales invoices between ISM and SSCI since April 2004 (as Plaintiff offered in its objection to the Motion to Compel Answers).

14. Denied.

15. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request. Plaintiff must also provide a spreadsheet or other documentation that depicts total sales by Plaintiff to Howard Industries, Trans Tron, Ltd., NCR, Verilink, and Adtran during the requested time frame (as Plaintiff offered in its objection to the Motion to Compel Answers).

16. Granted to the extent that the objection is overruled

and Plaintiff must produce the documents. However, if the documents for any company exceed ten in number, Plaintiff need not produce more than ten documents, but shall ensure that the ten documents include a representative sampling of the types of documents not produced. Plaintiff must, however, produce any documents it intends to use or reference at trial. Additionally, if Plaintiff has knowledge of facts responsive to this interrogatory and such facts are not reflected in the documents produced, Plaintiff must describe the facts.

17. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request. If Plaintiff has knowledge of facts not reflected in the documents, Plaintiff must describe the facts.

22. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request.

23. Denied except that Plaintiff must identify and describe fully all communications which Plaintiff intends to use or reference at trial.

24. Granted to the extent that Plaintiff must identify by page number(s) any document responsive to this request.

25. Granted to the extent that the objection is overruled and Plaintiff must identify by page number(s) any document responsive to this request. If Plaintiff has knowledge of facts not reflected in the documents, Plaintiff must describe these facts.

26. Withdrawn by Defendant.

**II. Motion to Compel Production**

1. Granted to the extent that the objection is overruled and Plaintiff must identify by page number(s) any document responsive to this request. If any statement is withheld on grounds of attorney-client privilege or the work product

doctrine, Plaintiff shall produce a privilege log. The privilege log shall describe a withheld statement with sufficient specificity to enable the reader to understand the basis for the claim of privilege. If a withheld statement was created by Plaintiff's counsel and not signed by the person from whom the statement was obtained, the identity of the person need not be disclosed in the privilege log unless Plaintiff intends to call the person as a witness at trial.

2. Granted to the extent that the objection is overruled and Plaintiff must identify by page number(s) any document responsive to this request. If any document is withheld on grounds of attorney-client privilege or the work product doctrine, Plaintiff shall produce a privilege log. The privilege log shall describe a withheld document with sufficient specificity to enable the reader to understand the basis for the claim of privilege.

3. Same ruling as No. 2.

11. Same ruling as No. 2.

12. Granted to the extent that the objection is overruled and Plaintiff must produce the documents. However, if the documents for any company exceed ten in number, Plaintiff need not produce more than ten documents, but shall ensure that the ten documents include a representative sampling of the types of documents not produced. Plaintiff must produce any documents it intends to use or reference at trial.

13. Granted to the extent that the objection is overruled and Plaintiff shall identify by page number(s) any document responsive to this request.

14. Granted to the extent that the objection is overruled and Plaintiff shall identify by page number(s) any document responsive to this request. If the documents exceed twenty in number, Plaintiff need not produce more than twenty documents,

but shall ensure that the twenty documents include a representative sampling of the types of documents not produced. Plaintiff must produce any documents it intends to use or reference at trial.

15. Granted to the extent that the objection is overruled and Plaintiff's answer of "none" stands.

17. Same ruling as No. 14.

18. Denied.

19. Granted to the extent that the objection is overruled and Plaintiff shall identify by page number(s) any document responsive to this request created or dated between April 30, 2004, and April 30, 2005. If the documents exceed twenty in number, Plaintiff need not produce more than twenty documents, but shall ensure that the twenty documents include a representative sampling of the types of documents not produced. Plaintiff must produce any documents it intends to use or reference at trial.

20. Same ruling as No. 19.

21. Same ruling as No. 19.

22. Same ruling as No. 19.

23. Same ruling as No. 19.

24. Passed by Defendant.

28. Granted to the extent that the objection is overruled and Plaintiff shall respond for the period proposed by Plaintiff in its objection to the Motion to Compel Production, namely 2003 to the present.

31. Granted to the extent that the objection is overruled and Plaintiff shall identify the documents by page number(s). However, if a document has been previously identified by page number in response to another request for production, Plaintiff may incorporate that answer by reference and need not repeat document numbers already identified. If any document is withheld

on grounds of attorney-client privilege or the work product doctrine, Plaintiff shall produce a privilege log. The privilege log shall describe a withheld document with sufficient specificity to enable the reader to understand the basis for the claim of privilege.

34. Granted to the extent that Plaintiff shall produce for the period encompassing Defendant's employment a record (or records) showing on at least a quarterly basis: 1) Plaintiff's sales to each customer; 2) the amount of sales to each customer credited to Defendant; 3) the amount of sales to each customer credited to persons other than Defendant; and 4) the identity of the persons other than Defendant to whom sales were credited.

36. Granted to the extent that the objection is overruled and Plaintiff shall identify by page number(s) any document responsive to this request. If any document is withheld on grounds of attorney-client privilege or the work product doctrine, Plaintiff shall produce a privilege log. The privilege log shall describe a withheld document with sufficient specificity to enable the reader to understand the basis for the claim of privilege.

37. Granted to the extent that the objection is overruled and Plaintiff shall produce any phone record reflecting contact between Defendant and Pal Pilot for the one year period preceding his departure from Plaintiff.

38. Same ruling as No. 36.

39. Same ruling as No. 36.

40. Same ruling as No. 36.

## III. Request for Sanctions

Defendant's request for attorney's fees associated with the Motions is denied.

So ordered.

ENTER:

David L. Martin
United States Magistrate Judge
October 14, 2005

BY ORDER:

Deputy Clerk