UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant. | : | |

**DEFENDANT'S MOTION FOR DISMISSAL FOR**
**PLAINTIFF'S FAILURE TO COMPLY WITH DISCOVERY ORDER**

Defendant Mark Peterson ("Defendant") hereby respectfully requests that this Court to dismiss the Complaint of Plaintiff International Sourcing and Marketing, Ltd. ("ISM") in its entirety as a result of ISM's failure to comply with this Court's Order dated October 14, 2005 compelling supplemental responses to certain interrogatories and requests for production. Peterson relies on his Memorandum of Law in support of this motion.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 16th day of November, 2005, I caused a true copy of the within Motion to be served by facsimile and first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR DISMISSAL FOR PLAINTIFF'S FAILURE TO COMPLY WITH DISCOVERY ORDER**

Defendant Mark Peterson ("Defendant") hereby presents this Memorandum of Law in support of his Motion for Dismissal for Plaintiff International Sourcing and Marketing, Ltd.'s ("ISM") failure to comply with this Court's Order dated October 14, 2005.

**Background**

On October 13, 2005, this Court granted Peterson's Motion to Compel further responses to interrogatories and requests for production in part. ISM's supplemental responses were due by November 4, 2005. According to counsel's notes, the Court verbally informed ISM's counsel from the bench at the October 13, 2005 hearing on these motions that the Court would allow ISM three weeks to comply with Defendant's Order. In ISM's recently filed Motion for an Extension of time to comply with this Order, ISM claims that the Court provided four weeks for compliance. Peterson has ordered the transcript from that hearing to ascertain the correct compliance period. Nevertheless, regardless of what compliance period applies, ISM has not provided those supplemental responses, and is now in violation of the aforementioned Order.

**Argument**

Federal Rule of Procedure 37(b)(2) allows this Court to sanction a party, like ISM, for failure to comply with the Court's discovery orders, including dismissal of the non-complying party's case. Dismissal is warranted in this instance. ISM has made direct allegations against Peterson regarding his alleged interference with certain of ISM's on-going and potential customers. As the Court found in granting portions of Peterson's motions to compel, Peterson has a legitimate interest in discovering what information, if any, that ISM possesses proving ISM's alleged relationships and his alleged interference with those relationships. In order to reduce the burden on ISM with respect to responding to those requests, the Court severely circumscribed the amount of documents that the Court ordered ISM to produce to only ten pages per alleged customer. These documents should be reasonably accessible to ISM and its counsel, as those documents would have presumably been consulted prior to ISM making its allegations against Peterson.

Moreover, with respect to ISM's answers to interrogatories, the Court found that ISM's reliance on answer interrogatories by generically identifying ISM's document production without further explication to be inappropriate. ISM is now apparently unable to correlate which documents provide answers to which interrogatories.

At bottom, ISM achieved its goal -- Peterson agreed to stay out of work voluntarily so that he could avoid the expense associated with prolonged litigation. Now that ISM is being asked to produce factual proof for its claims, it resisted by objecting to discovery requests that sought obviously discoverable materials, and then failed to comply with this Court's Order to provide further discovery responses. This Court should consequently dismiss ISM's Complaint in its entirety.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 16th day of November, 2005, I caused a true copy of the within Memorandum to be served by facsimile and first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903