UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INTERNATIONAL SOURCING &
MARKETING, LTD.,

Plaintiff

v. C.A. No. 04-511ML

MARK PETERSON,

Defendant

**OBJECTION OF PLAINTIFF,**
**INTERNATIONAL SOURCING & MARKETING, LTD.,**
**TO DEFENDANT'S MOTION TO DISMISS**

Now comes Plaintiff, International Sourcing & Marketing ("ISM") and hereby objects to defendant Mark Peterson's Motion to Dismiss ISM's complaint due to failure to provide supplemental discovery responses.

As grounds for said objection, ISM relies upon its previously filed Motion for Enlargement of Time and the attached Memorandum of Law.

Respectfully Submitted,

INTERNATIONAL SOURCING &
MARKETING, LTD.,
By its Attorneys,

CATHERINE A. SAMMARTINO
Bar No. 4762
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

DANIELLE R. MENARD
Bar No. 5821
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

**CERTIFICATION**

I hereby certify that on this 21st day of November, 2005, I caused to be submitted via facsimile and regular mail, postage prepaid, a copy of the within Objection to the following counsel of record:

Armando E. Batastini, Esquire
Stephen J. MacGillivray, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

Allen J. Anderson, Esquire
FEES & BURGESS, P.C.
213 Green Street
Huntsville, AL 35801

Mary A. Gilson

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INTERNATIONAL SOURCING &
MARKETING, LTD.,

Plaintiff

v. C.A. No. 04-511ML

MARK PETERSON,

Defendant

**MEMORANDUM OF PLAINTIFF,**
**INTERNATIONAL SOURCING & MARKETING, LTD.,**
**IN OPPOSITION TO MOTION TO DISMISS**

Plaintiff, International Sourcing & Marketing ("ISM") respectfully submits the within Memorandum in Opposition to the motion of defendant Mark Peterson to Dismiss ISM's complaint due to failure to provide supplemental discovery responses.

In opposition to said Motion, ISM relies upon its November 9, 2005, Motion for Enlargement of Time in which to provide supplemental discovery responses. Defendant did not object to said Motion for Enlargement of Time. Defendant filed the instant Motion to Dismiss *after* the time in which to object to ISM's Motion for Enlargement of Time had passed. Accordingly, said Motion for Enlargement of Time ought to be granted as a matter of course, and the instant Motion to Dismiss denied as moot.

Further responding, ISM seeks to enlarge time in which to produce supplemental discovery, pursuant to this Court's order, to November 30, 2005. The discovery period in this matter does not close until December 5, 2005. As such, Defendant incurs no prejudice by ISM's request for enlargement of time.

Also, ISM already has timely provided substantial discovery to Defendant. Defendant refused to provide an extension in bad faith, as set forth below. ISM has not behaved in a dilatory manner.

Moreover, Defendant's own conduct must be evaluated in connection with this matter. Defendant missed the deadline for reply to ISM's First Request for Admissions. Defendant failed to seek an enlargement of time from the Court. Some time later, as a courtesy, ISM executed a stipulation that enlarged the period in which Defendant could respond to ISM's First Request for Admissions *after the response period had passed.* A true copy of the Stipulation enlarging time for Defendant to complete discovery is attached as Exhibit A. ISM reasonably expected that Defendant would extend a smaller courtesy should the need arise. However, when ISM requested *for the first time* in the above-captioned litigation an enlargement of time, Defendant declined. Further, Defendant's counsel never indicated that it would seek to dismiss ISM's action. At a minimum, Defendant's counsel ought to have discussed this matter with counsel for ISM prior to filing its dispositive motion.

Defendant's conduct in this instance is perplexing, unprofessional, and without any reasonable basis. Accordingly, and in consideration of the fact that Defendant incurs no prejudice from ISM's request for Enlargement of Time, Defendant's Motion to Dismiss ought to be denied.

Respectfully Submitted,

INTERNATIONAL SOURCING &
MARKETING, LTD.,
By its Attorneys,

CATHERINE A. SAMMARTINO
Bar No. 4762
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

DANIELLE R. MENARD
Bar No. 5821
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

**CERTIFICATION**

I hereby certify that on this 21st day of November, 2005, I caused to be submitted via facsimile and regular mail, postage prepaid, a copy of the within Memorandum in Opposition to the following counsel of record:

Armando E. Batastini, Esquire
Stephen J. MacGillivray, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

Allen J. Anderson, Esquire
FEES & BURGESS, P.C.
213 Green Street
Huntsville, AL 35801

Mary A. Gilson