UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant. | : | |

**DEFENDANT'S MOTION TO EXTEND DISCOVERY CLOSURE DEADLINE FOR THE LIMITED PURPOSE OF PERMITTING DEFENDANT TO TAKE DEPOSITIONS**

Defendant Mark Peterson ("Peterson") hereby respectfully requests that this Court extend the discovery closure deadline in this matter by sixty days for the limited purpose of permitting Peterson to take depositions. As explicated below, this motion is necessitated by the fact that Plaintiff International Sourcing and Marketing, Ltd.'s ("ISM") has failed to provide full discovery responses to Peterson, despite being ordered to do so.

On October 13, 2005, Magistrate Judge David L. Martin determined that ISM's response to Peterson requests for production and interrogatories were grossly insufficient. That discovery sought, *inter alia*, the factual basis for ISM's claim that Peterson allegedly interfered with current and prospective customers of ISM. Magistrate Judge Martin ordered that ISM supplement its response to twenty-two document requests and thirteen interrogatories, and further ordered that ISM produce documentation related to two hundred and twenty-five of the two hundred and thirty-nine entities that ISM alleged were

current or prospective customers. ISM's initial responses had only provided "sample" documentation allegedly showing a business relationship with fourteen entities.

ISM's supplemental responses are now overdue, and discovery is currently set to close in this matter on December 5, 2005. ISM has filed a motion to enlarge its time to produce the supplemental discovery to November 30, 2005. ISM claims an enlargement is necessary because two of its principals are not available to work on ISM's supplemental responses because they are out of the country on other business. Peterson has objected to ISM's motion and has filed a motion to dismiss for non-compliance with discovery orders. Regardless of the Court's ruling on these motions, Peterson will require additional time to take depositions.

ISM's failure to comply with Magistrate Martin's discovery order has manifestly prejudiced Peterson. Specifically, Peterson has been prevented from holding meaningful depositions of ISM and its alleged customers, and cannot do so until ISM supplements its discovery responses. Because discovery is set to close within two weeks of the filing date of the instant motion, ISM's dilatory discovery practice appears aimed at preventing Peterson from conducting discovery necessary to defend himself (and relatedly, demonstrate that ISM's allegations are baseless). Peterson's prejudice is exacerbated by the intervening holidays and because the depositions of ISM's customers must occur in Alabama and Georgia.

Peterson therefore respectfully requests that this Court extend the discovery closure deadline by sixty days for the limited purpose of permitting Peterson to conduct depositions, and that all other dates in its Pre-Trial Order also be extended by sixty days.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 21st day of November, 2005, I caused a true copy of the within Motion to be served by facsimile and first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903