UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**MOTION FOR ENLARGEMENT OF TIME**

Defendant Mark Peterson hereby objects to Plaintiff International Sourcing and Marketing, Ltd.'s motion for enlargement of time and submits the accompanying memorandum of law in support thereof.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 21st day of November, 2005, I caused a true copy of the within Objection to be served by facsimile and first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant. | : | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS OPPOSITION TO PLAINTIFF'S MOTION FOR AN ENLARGEMENT OF TIME**

Discovery in this matter is set to close on December 5, 2005. Plaintiff International Sourcing and Marketing, Ltd.'s ("ISM") Motion for Enlargement of Time nevertheless seeks this Court's permission for it to delay it compliance with this Court's discovery order to November 30, 2005, just five days prior to close of discovery, causing manifest prejudice to Defendant Mark Peterson. Peterson therefore opposes ISM's motion and presents this Memorandum of Law in support of his opposition.

**Background**

Peterson has been seeking this discovery from ISM since May 4, 2005. Peterson provided ISM with an extension of time to comply with his discovery requests in July 2005 based upon his understanding that the additional time would foster complete responses from ISM. ISM thereafter served Peterson with grossly incomplete responses, coupled with a promise that ISM would supplement those responses. Peterson then sought those supplemental responses without Court intervention through a series of letters to ISM's counsel. Peterson finally filed motions to compel when ISM failed to respond to those letters.

On October 13, 2005, this Court determined that ISM's response to Peterson requests for production and interrogatories were grossly insufficient. That discovery sought, *inter alia*, the

factual basis for ISM's claim that Peterson allegedly interfered with current and prospective customers of ISM. This Court ordered that ISM supplement its response to twenty-two document requests and thirteen interrogatories, and further ordered that ISM produce documentation related to two hundred and twenty-five of the two hundred and thirty-nine entities that ISM alleged were current or prospective customers. ISM's initial responses had only provided "sample" documentation allegedly showing business relationships with fourteen entities.

According to counsel's notes, the Court verbally informed ISM's counsel from the bench at the October 13, 2005 hearing on these motions that the Court would allow ISM three weeks to comply with Defendant's Order. ISM's Motion for an Extension of Time claims that the Court provided four weeks for compliance. Peterson has ordered the transcript from that hearing to ascertain the correct compliance period.

Regardless of what compliance period applies, ISM's failure to comply with Magistrate Martin's discovery order has manifestly prejudiced Peterson. Specifically, Peterson has been prevented from holding meaningful depositions of ISM and its alleged customers, and cannot do so until ISM supplements its discovery responses. Because discovery is set to close within two weeks of the filing date of this opposition, ISM's dilatory discovery practice appears aimed at preventing Peterson from conducting discovery necessary to defend himself (and relatedly, demonstrate that ISM's allegations are baseless).[1] Peterson's prejudice is exacerbated by the intervening holiday and because the depositions of ISM's customers must occur in Alabama and Georgia.

---

1 Peterson filed a motion to extend the discovery closure date by sixty days at the same time that he filed his opposition to ISM's motion for an enlargement of time. This is the second time that Peterson has had to seek an extension of the discovery closure deadline because of ISM's non-compliance with discovery.

**Argument**

Federal Rule of Procedure 6(b) allows a party to seek an enlargement of time to perform a required act for cause shown. If the motion for enlargement is filed after expiration of the period prescribed for such action, the party seeking the enlargement must prove excusable neglect. See Fed. R. Civ. P. 6(b)(2). The Court should consider whether the party seeking an extension made reasonable efforts to comply within the specified time period and whether the extension would prejudice the non-moving party. See Echevarria v. Dept. of Correctional Servs. Of New York City, 48 F. Supp.2d 388, 390 (D.C.N.Y. 1999); 4B Wright & Miller, Federal Practice and Procedure 3d, § 1165.

ISM cannot satisfy either standard in this case. ISM's papers are silent regarding what steps, if any, it took to comply with this Court's discovery order. Rather, ISM generally claims that two of its principals have been out of the country on business, but ISM fails to indicate when these persons left the country, how long beforehand these persons know about these trips, or why they are the only two employees of ISM who could assist in complying with this Court's discovery order. Moreover, ISM fails to provide any factual support for its assertion that "obtaining responsive documents has taken extensive time and effort." ISM's bald assertion that it needs more time to collect responsive documents without any factual support for its position falls short of establishing good cause (and the more rigorous excusable neglect standard). See M.R.K. Corp. v. United States, 6 Cl. Ct. 544, 545 (1984) (bald assertion that additional time needed without factual support does not constitute showing of good cause).

Moreover, ISM's papers wholly ignore the balance of its discovery obligations. To date, ISM has failed to comply with any aspect of this Court's discovery order. Yet, ISM's papers fail to provide any reason why, for instance, it has failed to number the documents that it had

previously produced or produce a privilege log, as required by the discovery order. Neither of these tasks would presumably require the assistance of ISM corporate officers.

Also, any enlargement of time would manifestly prejudice Peterson. If ISM's motion were granted, Peterson would have five days between the date of production and the close of discovery on December 5, 2005, to complete his depositions in this matter, including a 30(b)(6) deposition of ISM. Most of those depositions must occur in Alabama and Georgia, the location of most of ISM's alleged current and prospective clients, and these depositions can not go forward until ISM has produced its documents. Consequently, ISM's position that "[t]he requested enlargement of time does not impose any hardship upon Defendant, as discovery does not close until December 2005" is remarkably disingenuous.

**Conclusion**

At bottom, ISM has impermissibly and unilaterally decided that its alleged business needs take priority over its obligation to obey the orders of this Court. This Court should therefore deny ISM's motion for an enlargement of time.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 21st day of November, 2005, I caused a true copy of the within Memorandum to be served by facsimile and first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903