UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INTERNATIONAL SOURCING &
MARKETING, LTD.,

Plaintiff

v. C.A. No. 04-511ML

MARK PETERSON,

Defendant

**REPLY MEMORANDUM OF PLAINTIFF, INTERNATIONAL SOURCING & MARKETING, LTD., TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME**

Plaintiff, International Sourcing & Marketing ("ISM") respectfully submits the within Reply Memorandum to defendant Mark Peterson's Opposition to Plaintiff's Motion for Enlargement of Time.

PROCEDURAL HISTORY

In the present case, this Court issued a pre-trial order, dated April 7, 2005, (a copy of the Pre-trial order is attached as Exhibit A), which provided that discovery would be closed by October 6, 2005. Subsequently, on October 17, 2005, this Court granted Defendant's Motion to Extend Discovery Closure Deadline by sixty (60) days. (A copy of the order is attached as Exhibit B). Thus, the discovery closure deadline was extended sixty days to December 6, 2005. Plaintiff filed its Motion to Enlarge Time on November 9, 2005. (A copy of the Motion is attached as Exhibit C). Accordingly, Plaintiff's Motion to Enlarge Time was within the discovery deadline.

On October 14, 2005, Magistrate Martin issued an Order granting Defendant's Motion to Compel further answers and responses from Plaintiff. (A copy of Magistrate Martin's Order is attached as Exhibit D). Magistrate Martin's Order regarding discovery is silent as to the date of compliance. Thus, Defendant's "counsel notes" mislead the court, when he states that Plaintiff has failed to comply with the Court's Order. (Opp. Memo. P.1).

**Argument**

Plaintiff's Motion to Extend Time Was Filed Within The Discovery Deadlines; Thus An Extension Of Time Is Within Trial Court's Discretion

Federal Rules of Civil Procedure, Rule 6(b), entitled "Enlargement of Time" reads:

> "…the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect…" F.R.C.P. 6(b).

In the present case, the Court issued a pre-trial order, dated April 7, 2005, which provided that discovery would be closed by October 6, 2005. Subsequently, on October 17, 2005, this Court granted Defendant's Motion to Extend Discovery Closure Deadline by sixty (60) days. Thus, the discovery closure deadline was extended sixty days to December 6, 2005. Plaintiff filed its Motion to Enlarge Time on November 9, 2005. Plaintiff's Motion to Enlarge Time was within the discovery deadline. Thus, FRCP 6(b) provides that the trial court may at any time in its discretion extend the time period. Accordingly, Defendant's reliance on F.R.C.P. (6)(b)(2) is misplaced because the Plaintiff filed within the deadlines.

Defendant Is Not Prejudiced By Extension Of Time

Defendant is not prejudiced by an extension of time because Plaintiff has produced numerous documents to Defendant and Defendant has failed to notice any persons for deposition.

Indeed, if Defendant were truly concerned he could always depose and suspend the deposition. Moreover, Peterson lives in Alabama and has counsel in Alabama. Thus, Plaintiff is perplexed on exactly who is inconvenienced because it would be *more convenient* for Defendant to take depositions in Alabama. Further, on November 21, 2005, Defendant filed his own Motion to Enlarge Time to conduct depositions. Accordingly, Defendant has failed to prove he is prejudiced by the extension of time.

Accordingly, Plaintiff's Motion to Enlarge Time should be granted as a matter of course and Defendant's Opposition to Plaintiff's Motion to Enlarge Time should be denied.

Respectfully Submitted,

INTERNATIONAL SOURCING &
MARKETING, LTD.,
By its Attorneys,

CATHERINE A. SAMMARTINO
Bar No. 4762
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

DANIELLE R. MENARD
Bar No. 5821
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

**CERTIFICATION**

I hereby certify that on this 23 day of November, 2005, I caused to be submitted via facsimile and regular mail, postage prepaid, a copy of the within Memorandum in Opposition to the following counsel of record:

Armando E. Batastini, Esquire
Stephen J. MacGillivray, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903

Allen J. Anderson, Esquire
FEES & BURGESS, P.C.
213 Green Street
Huntsville, AL 35801