UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant. | : | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR DISMISSAL FOR PLAINTIFF'S FAILURE TO COMPLY WITH DISCOVERY ORDER**

Plaintiff International Sourcing and Marketing, Ltd.'s ("ISM") Opposition to Defendant Mark Peterson's ("Peterson") Motion for Dismissal contains several misstatement of fact and law. Peterson therefore presents this Reply Memorandum in order to set the record straight on those points.

**1. All of Peterson's Filings Are Timely**

ISM's Opposition incorrectly states "Defendant did not object to said Motion for Enlargement of Time. Defendant filed the instant Motion to Dismiss *after* the time in which to object to ISM's Motion for Enlargement of Time had passed. Accordingly, said Motion for Enlargement of Time ought to be granted as a matter of course, and the instant Motion to Dismiss denied as moot." (ISM Opp. Memo. at 1) (emphasis in original). Those statements are factually and legally inaccurate.

ISM's Motion for Enlargement was filed and served on November 9, 2005. Peterson filed his Opposition to that motion on November 21, 2003. That filing is timely. Local Rule 12(2) requires parties to file oppositions to non-dispositive motions within ten days of service. In turn, Federal Rule of Civil Procedure 6, governing timing, contains

three relevant provisions: (1) when the last day of a period falls on a weekend or holiday, the time for compliance is the next business day, Fed. R. Civ. P. 6(a); (2) for periods less than ten days, intervening weekends and holidays are excluded from the calculation of the due date, id.; and (3) where service is effected by mail, three days are added to the compliance period. Fed R. Civ. P. 6(e).

In this case, regardless of which of these rules apply, Peterson's Opposition to ISM's Motion to Enlarge is timely. If the compliance period were ten days without exclusion of weekends and Veterans Day, Peterson's Opposition was due on November 21, 2005 (November 19 was a Saturday). If any of the other rules extending the time of compliance applied, Peterson's due date would have been November 22. ISM's argument that its Motion for Enlargement should enter by rule of court is therefore meritless.

Also, Peterson's Motion to Dismiss was filed and served on November 16, 2005, well within the ten-day period for a response to ISM's Motion to Enlarge. Both of those motions should therefore be decided on the merits.

**2. ISM's Opposition Fails To Provide A Justifiable Reason For Its Failure To Comply With This Court's Discovery Order**

ISM's only apparent excuse for its failure to comply with the Court's discovery order is that contained in ISM's Motion to Enlarge, namely that ISM was unable to comply with that order because two of its principals were on business trips. (ISM Memorandum In Support Of Its Motion To Enlarge at 1-2). This argument effectively admits that ISM decided that its alleged business needs take priority over its obligation to obey the orders of this Court. ISM's argument fails to address when these persons started these trips, how long beforehand these persons know about these trips, why these trips were a higher priority to ISM than compliance with Court orders, or why no one else at ISM could assist in complying with this Court's discovery order. Moreover, ISM's filing of a Motion to

Enlarge does not stay its obligation to comply with Court orders. Cf. Am. Rock Salt Co. v. Norfolk So. Corp., 371 F. Supp.2d 358, 360 (W.D.N.Y. 2005) (filing appeal of Magistrate Judge's order does not stay compliance with challenged order).

It is also unfortunate that ISM has resorted to *ad hominem* attacks without basis, rather than focus on the merits of this motion. Specifically, ISM erroneously claims Peterson has failed to provide ISM with reasonable extensions of time, and that ISM's request for an extension with respect to the discovery order was the first time that it had requested such an extension. (ISM Opp. Memo. at 2). As evidenced by Exhibit A to ISM's Opposition Memorandum, Peterson and ISM granted each other mutual extensions of time to respond to discovery in June 2005. ISM requested that extension because its discovery responses were becoming overdue. Peterson agreed to that extension based upon his understanding that the additional time would foster complete responses from ISM. Nevertheless, ISM thereafter served Peterson with grossly incomplete responses, coupled with a promise that ISM would supplement those responses. Peterson then sought those supplemental responses without Court intervention through a series of letters to ISM's counsel. Peterson finally filed motions to compel when ISM failed to respond to those letters. Those motions led to the discovery order to which ISM has failed to comply. With discovery set to close on December 5, 2005, Peterson was not in a position to agree to a motion seeking extension of ISM's compliance period beyond that already set by the Court.

### 3. There Is No Obligation To Confer Prior To Filing A Motion To Dismiss

ISM further missteps when it claims that Peterson should have "discussed the matter with counsel for ISM prior to filing its dispositive motion." (ISM Opp. Memo. at 2). There is no obligation under the Federal Rules of Civil Procedure or the Local Rules to confer prior to filing a motion to dismiss for failure to comply with court orders. The only

obligation to confer obtains with respect to motions to compel, see Fed. R. Civ. P. 37(a)(2)(A); there is no analogous rule with respect to motions predicated upon failure to comply with court orders.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 23rd day of November, 2005, I caused a true copy of the within Reply Memorandum to be served by facsimile and first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903