DRAFT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, | : | |
| Defendant. | : | |

## THIRD AMENDED COUNTERCLAIM

Defendant Mark Peterson ("Peterson") hereby alleges the following in support of his Amended Counterclaim against Plaintiff International Sourcing and Marketing, Ltd. ("ISM"):

1. Peterson and ISM entered into the Agreement, whereby ISM promised to pay Peterson bonuses and/or commissions.

2. ISM has failed to pay Peterson the full amount of bonuses and/or commissions that he is due.

3. ISM's counsel sent a letter dated January 31, 2005 to Pal Pilot. That letter contained information that was untrue, intentionally omitted material facts, and was sent with the intention of interfering with Peterson's contractual and business relationship with Pal Pilot.

4. Pal Pilot terminated its contractual and business relationships with Peterson as a result of the untrue January 31, 2005 letter.

DRAFT

**Count I**
**(Breach of Contract)**

5. Peterson incorporates Paragraphs 1-4 above by reference.

6. ISM breached its contract with Peterson.

7. As a result of ISM's breach, Peterson has suffered and continues to suffer damages.

**Count II**
**(Violation of Alabama Code § 8-24-2)**

8. Peterson incorporates Paragraphs 1-7 above by reference.

9. ISM has violated Alabama Code § 8-24-2 by failing to pay Peterson bonuses and/or commissions.

10. Pursuant to Alabama Code § 8-24-3, ISM is liable for treble damages, costs and attorneys' fees for its violation of Alabama Code § 8-24-2.

**Count III**
**(Intentional Interference With Contractual Relations)**

11. Peterson incorporates Paragraphs 1-10 above by reference.

12. Peterson and Pal Pilot were parties to a contract about which ISM had knowledge.

13. ISM intentionally interfered with Peterson's contract with ISM.

14. Peterson has suffered and continues to suffer direct and consequential damages as a result of ISM's interference.

**Count IV**
**(Intentional Interference With Business Relations)**

15. Peterson incorporates Paragraphs 1-14 above by reference.

DRAFT

16. Peterson and Pal Pilot had a business relationship about which ISM had knowledge.

17. ISM intentionally interfered with Peterson's business relationship contract with ISM.

18. Peterson has suffered and continues to suffer direct and consequential damages as a result of ISM's interference.

WHEREFORE, Peterson demands relief as follows:

1. Issuance of a judgment against ISM for the total amount of damages to Peterson;

2. Treble damages, costs and attorneys' fees under Alabama Code § 8-24-3;

3. The costs of this action;

4. Interest;

5. Attorneys' fees; and,

6. Such further relief as this Court deems appropriate.

MARK PETERSON

By his Attorneys,

DRAFT

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the ____ day of December, 2005, I caused a true copy of the within Third Amended Counterclaim to be served by first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903

Allen L. Anderson, Esq.
Fees & Burgess, P.C.
213 Green Street
Huntsville, AL 35801

DRAFT

______________________________