UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, | : | |
| Defendant. | : | |

**AMENDED NOTICE TO TAKE RULE 30(B)(6) DEPOSITION OF PLAINTIFF INTERNATIONAL SOURCING AND MARKETING, LTD.**

**PLEASE TAKE NOTICE,** pursuant to Fed. R. Civ. P. 30(b)(6), that the undersigned counsel for Defendant Mark Peterson ("Peterson" or "Defendant") will take the deposition, upon oral examination, of Plaintiff International Sourcing and Marketing, Ltd. ("ISM") on **Thursday, December 15, 2005 at 10:00 a.m.**, and from day to day thereafter until completed, at the offices of Edwards Angell Palmer & Dodge LLP, 2800 Financial Plaza, Providence, Rhode Island, before a qualified shorthand reporter of the State of Rhode Island.

ISM shall designate one or more officers, employees, agents, or other persons who are knowledgeable and can testify on its behalf, to all information known or reasonably available to ISM on the following matters:

1. The factual bases for denials of the allegations contained in ISM's Reply to Peterson's Counterclaim.

2. The factual bases for all affirmative defenses raised by ISM in this matter.

3. The factual bases for all allegations in ISM's Complaint.

4. All contracts or other agreements with Peterson.

5. All damages that you allege in this matter.

6. All communications regarding Defendant's alleged breach of the non-compete agreement, alleged competition with ISM, contact with customers and/or suppliers of ISM since the end of his employment by ISM, and/or alleged use of ISM's proprietary and/or confidential information since the end of his employment by ISM.

7. Defendant's alleged breach of the non-compete agreement.

8. Defendant's alleged competition with ISM.

9. Defendant's contact with customers and/or suppliers of ISM since the end of his employment by ISM.

10. Defendant's alleged use of ISM's proprietary and/or confidential information since the end of his employment by ISM.

11. Facts evidencing that the entities listed on "Schedule A" are customers of ISM.

12. Any contact that Defendant has had with any entities listed on "Schedule A" since the end of his employment with ISM.

13. ISM bids or competition for business at, contracts with, or sales to SSCI, including the "Phillips" project, since April 2004.

14. The circumstances under which ISM was removed from the Approved Vendor List at SSCI.

15. The payment and/or refund of a $300,000 payment from ISM to SSCI for future business.

16. ISM bidding or competing for business at, contracts with, or making sales to Howard Industries, Trans Tron, Ltd., NCR, Verilink, and/or Adtran.

17. As to each entity listed on Schedule A, ISM bidding or competing for business at, contracts with, or making sales to that entity.

18. Proprietary and/or confidential information that Defendant is allegedly using to compete with ISM, including a description of all steps used by ISM to keep such information confidential, including but not limited to any ISM policies regarding confidentiality of business, pricing and/or financial information.

19. ISM's document retention policies.

20. All payments to Mark Peterson, including all bonuses and/or commissions.

21. All communications that ISM has had regarding Peterson since the end of his employment with ISM with the exception of communications with counsel.

22. All communications that ISM has had with PalPilot since the end of Peterson's employment with ISM.

23. ISM's answers to interrogatories, including the steps taken to ensure correct and complete answers.

24. ISM's response to document requests, including all steps taken by ISM to locate and/or identify documents responsive to said requests.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 2nd day of December, 2005, I caused a true copy of the within Amended Notice to Take Rule 30(b)(6) Deposition to be served by first class mail, postage prepaid, to the following:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903

Allen L. Anderson, Esq.
Fees & Burgess, P.C.
213 Green Street
Huntsville, AL 35801

Esquire Deposition Services
10 Weybosset Street, Suite 402
Providence, RI 02903