UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, | : | |
| Defendant. | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**<u>MOTION TO EXTEND DISCOVERY CLOSURE DATE</u>**

Defendant Mark Peterson ("Peterson") hereby opposes Plaintiff International Sourcing and Marketing, Ltd.'s ("ISM") Motion To Extend The Discovery Closure Date. Peterson relies on the following in support of his opposition:

ISM has failed to either pursue or respond to discovery in this matter in a timely basis. ISM premises its request for a second sixty-day extension and to conduct discovery on: (1) the alleged need to depose Mark Smith of Rep One; and (2) the alleged need to depose National Cash Register ("NCR"). As discussed below, ISM's alleged need for further time to conduct this discovery is a result of its failure to pursue discovery diligently during the twelve months that this case has been pending.

ISM commenced this case on November 24, 2004. During a hearing on Plaintiff's motion for a temporary restraining order in Providence Superior Court on December 1, 2004 prior to removal to this Court, Greg Lucini ("Lucini"), ISM's Chief Financial Officer, alleged that Peterson had breached his non-competition agreement by contacting certain alleged customers of ISM. During that testimony, Lucini specifically identified NCR as

one of ISM's customers that Peterson had allegedly contacted. (TRO Transcript at 28-29)(An excerpted transcript of that hearing is attached hereto as Exhibit A). Further, ISM's answers to interrogatories specifically identified NCR as one of its customers that Peterson allegedly contacted.

Despite ISM's allegations, at the earliest stages of this litigation, that Peterson allegedly contacted NCR in contravention of his non-competition agreement, ISM failed to pursue discovery from NCR until it noticed NCR's deposition on September 27, 2005 for October 6, 2005. At that point, the Court had already granted Peterson's motion to extend the discovery deadline for both parties by sixty days. That deposition was cancelled by counsel for ISM because NCR was allegedly not available for that deposition. ISM then waited until November 21, 2005 to notice the rescheduled deposition of NCR. In the interim, ISM apparently made no attempt to schedule the deposition for a day on which NCR's designee and counsel were available, despite ISM's evident ability to do so (as NCR is an alleged customer of ISM, and counsel for ISM and counsel for NCR had communicated earlier regarding this deposition). Rather, ISM waited until the fourteen days before the close of discovery to notice this deposition, and then failed to take any steps to secure NCR's attendance at that deposition.

ISM also knew about the involvement of Rep One, Inc. and Mark Smith in this matter since at least December 2004. Rep One acts as a marketing and sales representative for ISM's competitor PalPilot, who, in turn, employs Peterson. Mark Smith ("Smith") is a field service agent for Rep One. Michael Sketers ("Sketers"), formerly a buyer for TTL, testified during his deposition on December 28, 2004 that Smith had approached him on behalf of PalPilot regarding printed circuit board business on the Neptune project. (Sketers

 PRV_772368_1/ABATASTINI

Dep. at 13-14)(An excerpted copy of Sketers' deposition is attached hereto as Exhibit B). Sketers further testified that Smith told him that Peterson had directed Smith to contact Sketers, and that PalPilot's subsequent offer undercut ISM's price, thereby causing TTL to receive a price concession from ISM. Sketers has since recanted that testimony, and acknowledged that he provided Smith with a target price at which PalPilot would be competitive with ISM. (A copy of Sketers' Affidavit is attached hereto as Exhibit C). During his testimony, Sketers identified his contact at Rep One as Smith, and never mentioned Ty Daniels.

Despite the obvious hearsay in Sketers' deposition testimony, his later recantation of that testimony, and his identification of Smith as his only contact at Rep One, ISM noticed waited until December 1, 2005 and noticed the deposition of Rep One's officer, Ty Daniels -- and not Smith. Unsurprisingly, Daniels testified, consistent with Sketers' testimony, that Daniels had no contact with SSCI, and that Smith was Rep One's sole representative with TTL. This testimony should have been unsurprising to ISM, as ISM identified Smith, but not Daniels, as a person with knowledge of this matter in its answers to interrogatories (which ISM signed on June 30, 2005). (See Exhibit D).

In support of the instant motion, ISM claims that it "just recently learned" that it has to seek Smith's deposition. That position is belied by Sketers' testimony and ISM's own interrogatory answers. Moreover, ISM appears to be using its alleged need for Smith's deposition as a ruse to keep discovery open for itself. Counsel for ISM spoke with Peterson's Alabama counsel on Friday, December 2, 2005, and related that she was scheduling Smith's deposition for that coming Monday, December 5, 2005. Counsel for ISM further related that she would not take that deposition on that date, but rather was

noticing the deposition so that she could then reschedule for a date beyond the already extended discovery closure date. (See Affidavit of Allen Anderson attached hereto as Exhibit E).

ISM also cites to the fact that Peterson has requested an extension of the discovery closure date so that he can complete his discovery. ISM's argument ignores the fact that Peterson's motion was necessitated by ISM's failure to provide its responses to discovery (including documents bearing on its allegation that Peterson interfered with its customers) until November 30, 2005, just three business days before the discovery closure date. In contradistinction, ISM had known about NCR's and Smith's role in this litigation for approximately twelve months. Moreover, Peterson has already granted ISM extensions to answer and conduct discovery, and is under no obligation to agree to further discovery extensions when ISM has had ample opportunity to complete its discovery during the twelve month pendency of this matter (whereas Peterson has been denied a similar opportunity due to ISM's dilatory discovery practices).

In sum, ISM knew that NCR and Mark Smith had relevant knowledge at the earliest juncture of this matter, but failed to notice their depositions until days before the extended discovery closure date, and now seeks relief for its dilatory discovery practice. That set of facts does not spell out either "good cause" or "excusable neglect," as required by Rule 6. This Court should not reward ISM for its lack of diligence, and should therefore deny ISM's motion for an extension of the discovery deadline.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 9th day of December, 2005, I caused a true copy of the within Objection to be served by first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903

Allen L. Anderson, Esq.
Fees & Burgess, P.C.
213 Green Street
Huntsville, AL 35801