Q Does this document demonstrate a pre-existing business relationship between ISM and Verilink?
A Yes, it does.
MS. SAMMARTINO: I move to have Plaintiff's Exhibit 6 admitted in full.
MR. BATASTINI: No objection.
THE COURT: Without objection, 6 full.
(Exhibit so marked)
Q What other customers of ISM have you learned that Mr. Peterson has solicited since his employment at ISM? Are there any others that you have not yet named?
A Um --
THE COURT: May I have the question read back, please?
(Question read)
THE COURT: Is that the question you intended?
MS. SAMMARTINO: I can ask it differently; but yes, that's the question I intended.
THE COURT: All right, okay. Go ahead.
A So there is no confusion, I'd just like to restate them --
Q That's fine.
A -- so that we're clear.
The customers that -- who I have -- who I have learned that Mark has approached to solicit business

from them since he left my employment would be SSCI, Verilink, NCR, Howard Industries, and ADTRAN.

THE COURT: What's the last one, sir?

THE WITNESS: ADTRAN.

COURT REPORTER: Please spell that, sir.

THE WITNESS: A-D-T-R-A-N.

COURT REPORTER: Thank you.

Q Mr. Lucini, was ADTRAN a customer of ISM prior to Mr. Peterson's employment?

A Yes, they were.

MS. SAMMARTINO: I'd like to have this document marked for identification, please, as Plaintiff's 7.

THE CLERK: Plaintiff's 7.

(Exhibit so marked)

Q Mr. Lucini, I now approach with what's been marked for identification as Plaintiff's 7, and I ask you whether you recognize that document.

(Witness perusing document)

A Yes, I do.

Q Can you describe what it is for the Court?

A It's a purchase order from ADTRAN issued to my company in July -- I'm sorry, April of 1998.

Q So, it's fair to say that ISM had a business relationship with ADTRAN prior to Mr. Peterson's employment in July of 2001?