UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INTERNATIONAL SOURCING &
MARKETING, LTD.,

Plaintiff

v. C.A. No. 04-511ML

MARK PETERSON,

Defendant

**PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

Now comes the Plaintiff, International Sourcing & Marketing ("ISM"), and pursuant to Rules 34 and 37 of the Federal Rules of Civil Procedure, hereby requests this Court order Defendant, Mark Peterson ("Peterson"), to produce responses to Requests Nos. 3 and 4 of Plaintiff's Second Request For Production, dated September 22, 2005 (the "Requests"). In support of this Motion, ISM avers the following.

The Requests read as follows:

Request No. 3: Provide all of your medical treatment records for the period 2000 to the present.

Request No. 4: Provide pharmacy-prepared printouts of your prescription medications from any pharmacy from whom you, or any other person acting on your behalf or under your direction of control, have purchased medication from the period of 2000 to the present.

These Requests are relevant for two reasons.[1] First, Defendant has made his medical condition a material issue. Peterson has filed a counter-claim alleging intentional infliction of emotional distress ("IIED"). Proof of IIED requires tangible physical harm, supported by "competent expert medical opinion regarding origin, existence and causation." *Norton v. Hoyt*, 278 F.Supp.2d 214, 220 (D.R.I. 2003) *citing Vallinto v. DiSandro*, 688 A.2d 830, 839 (R.I. 1997). In his deposition, Peterson testified that as a result of ISM's conduct, he was suicidal and needed medical treatment for depression. Peterson Deposition at 68, 70, 84 (attached to Plaintiff's Memorandum In Support Of Its Opposition To Defendant's Motion For Leave To File Third Amended Counterclaim, filed on even date herewith). Accordingly, ISM is entitled to delve into Peterson's medical records to discover the truth of Peterson's claims.

Second, Peterson has also testified that he has "short-term memory problems." Peterson Deposition at 67. In point of fact, on numerous occasions during his deposition, Peterson professed lapses in memory. Accordingly, the Requests are vital to determine if Peterson suffers from any medical condition that may effect his perception and ability to recall events.

For the foregoing reasons, ISM requests this Court order Peterson to produce his medical records within fifteen days of this motion. ISM also requests, pursuant to Rules

[1] The arguments listed below are further elaborated in ISM's Plaintiff's Memorandum In Support Of Its Opposition To Defendant's Motion For Leave To File Third Amended Counterclaim, filed on even date with this Motion.

of Civil Procedure 37(a)(4)(A), that this Court order Peterson to pay the costs and attorney fees associated with the prosecution of this Motion To Compel.

Respectfully submitted,

INTERNATIONAL SOURCING &
MARKETING, LTD.,
By its Attorneys,

CATHERINE A. SAMMARTINO (#4762)
DANIELLE R. MENARD (#5821)
Sammartino & Berg LLP
Shakespeare Hall
128 Dorrance Street, Suite 400
Providence, RI 02903
(401) 274-0113 telephone
(401) 274-0175 facsimile

**RULE 37 CERTIFICATION**

I hereby certify that I have made good faith efforts to confer, or attempt to confer with the defendants in an attempt to secure disclosure of requested documents without court action.

**CERTIFICATION**

I hereby certify that on this 12th day of December, 2005, I caused to be submitted via facsimile and regular mail, postage prepaid, a copy of the within Motion To Compel to the following counsel of record:

Armando E. Batastini, Esquire
Stephen J. MacGillivray, Esquire
Edwards & Angell LLP
2800 Financial Plaza
Providence, R.I. 02903