UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INTERNATIONAL SOURCING AND MARKETING, LTD., Plaintiff, | : | |
| v. | : | C.A. No. 04-511ML |
| MARK PETERSON, Defendant. | : | |

**OBJECTION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION**

Defendant Mark Peterson ("Peterson") hereby objects to Plaintiff International Sourcing & Marketing, Ltd.'s ("ISM") Motion to Compel responses to ISM's Requests Nos. 3 and 4. In support of his opposition, Peterson states as follows:

Both requests are unduly overbroad, not reasonably calculated to lead to the discovery of admissible evidence and seek confidential and sensitive information regarding Peterson and his family.

Request No. 3 seeks "all of your medical treatment records for the period 2000 to the present." Request No. 4 seeks "pharmacy-prepared printouts of your prescription medications from any pharmacy from whom you, or any other person acting on your behalf or under your direction of control, have purchased medication from the period of 2000 to the present." These requests are manifestly overbroad, as they seek all of Peterson's medical records without reference to whether those records bear any relationship to this litigation. Additionally, Peterson recently filed a motion to amend,

seeking to withdraw his claims of intentional and negligent infliction of emotional distress. As a result, records bearing on those claims are no longer relevant to this action.

Peterson has no objection to producing records related to his memory loss, subject to a protective order. In fact, ISM's memo is the first time that ISM has stated its interest in Peterson's medical records for this purpose. Previously, ISM had predicated its need for these records based upon Peterson's emotional distress claims. Peterson had earlier offered to produce his records to counsel for ISM, so long as it was subject to an "attorneys eyes" only confidentiality agreement. ISM's counsel rejected that offer, and stated that she plans to share Peterson's medical records with her client. ISM has no need to see these records, as they bear no relationship to the facts at issue in this litigation. This Court should therefore deny ISM's motion to compel.

MARK PETERSON

By his Attorneys,

Stephen J. MacGillivray (#5416)
Armando E. Batastini (#6016)
EDWARDS ANGELL PALMER & DODGE LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 20th day of December, 2005, I caused a true copy of the within Objection to be served by first class mail, postage prepaid, to the following counsel of record:

Catherine Sammartino, Esq.
Sammartino & Berg LLP
128 Dorrance Street, Suite 400
Providence, RI 02903

Allen L. Anderson, Esq.
Fees & Burgess, P.C.
213 Green Street
Huntsville, AL 35801



PRV_775975_1/ABATASTINI